Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

**OPINION**

No. 04-08-00802-CV

L.V. **GARD**,
Appellant

v.

**BANDERA COUNTY APPRAISAL DISTRICT**, Bandera County Chief Appraiser,
R. Elaine Chaney, Bandera County Appraisal Review Board,
Boyd Peters, Chairman,
Appellees

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. 8494-02
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Rebecca Simmons, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   May 6, 2009

AFFIRMED

    L.V. Gard appeals a final judgment arising from a tax appraisal challenge.  Gard contends

the statutory cap on the amount that can be awarded in attorney's fees set forth in section 42.29 of

the Texas Tax Code ("Code") violates taxpayers' due process rights and the open courts provision

of the Texas Constitution.  Gard also contends that the legislative history demonstrates that the Texas

Legislature did not intend to impose a limit on the attorney's fees that chills the average taxpayer from seeking redress. We overrule Gard's issues and affirm the trial court's judgment.

## PROCEDURAL BACKGROUND

In August of 2002, Gard filed a lawsuit challenging the appraised values of his property. In March of 2004, Gard and the appellees entered into a mediation agreement resolving all issues relating to the appraised values, but the parties agreed to submit the issue of attorney's fees to the trial court for determination.

In November of 2007, Gard filed an amended petition acknowledging that section 42.29 of the Code limits the amount of attorney's fees that Gard could be awarded to $700.00, the total amount by which Gard's tax liability was reduced. Gard alleged that he had incurred approximately $13,010.00 in attorney's fees. Gard asserted, "The applicable statute is an unconstitutional prevention of full access to the courts by Plaintiff." After a hearing, the trial court awarded Gard $700.00 in attorney's fees.

## DUE PROCESS

Section 42.29 of the Code provides:

§ 42.29. Attorney's Fees

(a)　　A property owner who prevails in an appeal to the court under Section 42.25 or 42.26 may be awarded reasonable attorney's fees. The amount of the award may not exceed the greater of:
　　(1)　　$15,000; or
　　(2)　　20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal.

(b)　　Notwithstanding Subsection (a), the amount of an award of attorney's fees may not exceed the lesser of:
　　(1)　　$100,000; or

(2)    the total amount by which the property owner's tax liability is reduced as a result of the appeal.

TEX. TAX CODE ANN. § 42.29 (Vernon 2008).

In his statement of the case, Gard contends that the upper and lower ceilings on recoverable attorney's fees is a violation of substantive due process. Gard argues, "Without the ability to recover attorney's fees in this type of challenge, average taxpayers will be unable to seek relief from the court."

In passing upon the constitutionality of a statute, we begin with a presumption of validity. *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995) (quoting *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968)). It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. *Id*. The wisdom or expediency of the law is the Legislature's prerogative, not ours. *Id*.

A violation of substantive due process occurs only when the government deprives individuals of constitutionally protected rights by an arbitrary use of power. *Edwards Aquifer Authority v. Day*, 274 S.W.3d 742, 756-57 (Tex. App.—San Antonio 2008, pet. filed). In order to prevail on a substantive due process claim, the claimant must establish: (1) a constitutionally protected property right to which the Fourteenth Amendment's due process protection applies; and (2) challenged governmental action that is not rationally related to furthering a legitimate state interest. *Id*. at 757.

In this case, Gard acknowledges that attorney's fees may not be recovered unless provided by statute or contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). In fact, statutory provisions for the recovery of attorney's fees must be strictly

-3-

construed because they are penal in nature and are in derogation of the common law. *Martin v. Harris County Appraisal Dist.*, 44 S.W.3d 190, 196 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Therefore, the protected property right that Gard is asserting could not be the right to recover attorney's fees.

Gard's contention appears to be that the cap on attorney's fees deprives a taxpayer of a due process right to obtain legal representation. In *Garcia*, the Texas Supreme Court considered a similar challenge to the limitation on attorney's fees imposed by the Texas Workers' Compensation Act. 893 S.W.2d at 533. Rejecting the due process challenge, the court reasoned:

> Nothing in the record establishes that the fee limitations are so egregious that they will result in a claimant being denied needed legal representation. Although there was testimony that some attorneys no longer accept compensation cases under the Act, there was no showing of any claimant who could not obtain counsel. Based on this record, we hold that the fee limitations do not facially violate the guarantee of due course of law or equal protection. *See Department of Labor v. Triplett*, 494 U.S. 715, 721-726, 110 S.Ct. 1428, 1432-1435, 108 L.Ed.2d 701 (1990) (attorneys' fees restrictions in the Black Lung Benefits Act, 30 U.S.C. § 901 et seq., did not violate due process because, even though there was evidence that fewer attorneys were taking such cases, there was no showing that the restrictions actually prevented claimants from obtaining representation).

*Id*.

In addition to Gard's failure to show that a taxpayer could not obtain counsel, Gard also was required to prove that the challenged governmental action is not rationally related to furthering a legitimate state interest. *Id*. at 757. Although the legislature may have decided to permit an award of attorney's fees to give taxing authorities some incentive to avoid excessive appraisals, *see Tex-Air Helicopters, Inc. v. Galveston County Appraisal Review Bd*, 76 S.W.3d 575, 583 (Tex. App.—Houston [14th Dist.] 2002, pet. denied), the obvious intent of the legislature in imposing the

cap was to limit the exposure for appraisal districts in connection with the costs of this type of litigation. *City of Laredo v. South Texas Nat'l Bank*, 775 S.W.2d 729, 732 (Tex. App.—San Antonio 1989, writ denied). Gard has made no showing that limiting the attorney's fees is not rationally related to furthering this legitimate state interest.

### OPEN COURTS

Gard also contends that section 42.29 violates the open courts provision because it unreasonably impedes access to the courts. *See Central Appraisal Dist. of Rockwall County v. Lall*, 924 S.W.2d 686, 689 (Tex. 1996). In deciding whether section 42.29's limit on attorney's fees violates the open courts provision, we must determine whether section 42.29 "is an unreasonable barrier to access to the courts in light of the state interest involved." *Id*. Thus, we balance the legislature's actual purpose in enacting the law against the law's interference with the individual's right of access to the courts. *Edwards Aquifer Authority*, 274 S.W.3d at 758.

As previously noted, the legislature's purpose in only allowing a capped attorney fee might have been to provide taxing authorities with an incentive to avoid excessive appraisals while limiting the authorities' overall exposure. *See Tex-Air Helicopters, Inc.*, 76 S.W.3d at 583; *City of Laredo*, 775 S.W.2d at 732. With regard to the law's interference with the individual's right of access to the courts, Gard has made no showing that such is the case. Moreover, civil litigants are not required to be represented by counsel and, indeed, thousands of cases each year are prosecuted in our courts by pro se litigants. *Travelers Indem Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). Therefore, balancing the legislature's actual purpose against the law's interference with the

individual's right of access, we conclude that section 42.29 does not violate the open courts' provision.

## LEGISLATIVE HISTORY

In his final issue, Gard asserts that the legislative history shows that the Texas Legislature did not intend to limit the amount of recoverable attorney's fees to an amount that ultimately prohibits taxpayers from addressing inappropriate or arbitrary tax appraisals. When we construe a statute, however, we try to determine and give effect to the Legislature's intent by examining the plain and common meaning of the statute's words. *Kimbrell v. Molinet*, No. 04-08-00379-CV, 2008 WL 5423131, at *1 (Tex. App.—San Antonio Dec. 31, 2008, no pet. h.). When the statute's text is clear and unambiguous, we interpret the statute according to its plain meaning. *Id.* We may consider extra-textual factors, such as legislative history, only if a contrary intention is apparent from the context or a construction would lead to an absurd result. *Id.*

In this case, the language of the statute provides clear limits on the amount of attorney's fees that are recoverable; therefore, we do not consider legislative history. *See id*. Although Gard appears to argue that the construction leads to an absurd result, the legislature clearly could have intended to disallow a taxpayer from recovering $13,000 in attorney's fees for pursuing a $700 tax savings.

Moreover, even if we considered the legislative history provided by Gard, that legislative history reveals the legislature's intent to impose caps on recoverable attorney's fees. First, it is important to note that Gard only cites the legislative history from the initial adoption of section 42.29 in 1983 which read, "A taxpayer who prevails in an appeal to the court under Section 42.25 or

Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the greater of $5,000 or 20 percent of the total amount of taxes in dispute." Act of May 26, 1983, 68th Leg., R.S., ch. 905, §1, 1983 Tex. Gen. Laws 5033. At that time, a concern about unlimited attorney's fees and their effect on the budgets of the appraisal districts was expressed during the hearings. In response to the concerns, one legislator proposed a limit of $5,000 on the amount of attorneys' fees that could be recovered. An attorney who represents appraisal districts testified, ". . . I find the amendment here of putting a $5,000 limit on it much more acceptable than just an open-ended, unlimited recovery of attorneys' fees, depending on the outcome. If we end up with a situation where the appraisal district conceivably is responsible for legal fees without limit, a lot of the complaints you've heard about appraisal district budgets being outlandish are going to be even worse next session." Another witness testified, "Don't do anything to chill the small taxpayer, the homeowner, but do set some sort of a limit of $5,000 or $4,000 or whatever you see fit . . . ."

Apart from this legislative history in which a concern was expressed regarding the need for a cap and the legislature's response by imposing a cap, more telling is the progression of the amendments to section 42.29. As passed in 1983, a cap of $5,000 or 20 percent of the total amount of taxes in dispute was passed. In 1991, however, the legislature amended section 42.29 to further tighten the cap. Act of May 27, 1991, 72nd Leg., R.S., ch. 836, § 4.1, 1991 Tex. Gen. Laws 2893. As amended, section 42.29 read:

> Sec. 42.29. ATTORNEY'S FEES. A property owner who prevails in an appeal to the court under Section 42.25 or Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the greater of $15,000 or 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal. The award of attorney's fees, however, may not exceed the total amount by which the property owner's tax liability is reduced as a result of the appeal.

Finally, section 42.29 was amended in 1997 to its current version. This progression of amendments reveals the concern the legislature had for the cap in view of the appraisal district's exposure to attorney's fees. Although this progression of amendments has not resulted in a statute that presents a model of complete clarity, the language of the statute unambiguously provides for the stated caps on recoverable attorney's fees.

### SANCTIONS

The appellees request sanctions because the procedural history of the case evidences Gard's bad faith and because his appeal is frivolous.

Rule 45 authorizes this court to award a prevailing party just damages if the court determines that an appeal is frivolous after considering the record, briefs, and other papers filed in this court. TEX. R. APP. P. 45; *Keith v. Solls*, 256 S.W.3d 912, 919 (Tex. App.—Dallas 2008, no pet.). Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances. *Goss v. Houston Community Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Under Rule 45, recovery is authorized if an appeal is objectively frivolous and injures an appellee. *Keith*, 256 S.W.3d at 919. An appeal is frivolous if no reasonable grounds support a belief that the judgment would be reversed at the time the appeal was brought or when it is pursued in bad faith. *Id*. at 919-20. If an appellant's argument on appeal fails to convince us but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate. *Goss*, 252 S.W.3d at 657.

In this case, Gard is arguing the constitutionality of a statute as an issue of first impression. After considering the record, briefs, and other papers filed, we do not find the appeal to be objectively frivolous.  Accordingly, the request for sanctions is denied.

### CONCLUSION

The trial court's judgment is affirmed, and appellees' request for sanctions is denied.


Marialyn Barnard, Justice