NUMBER 13-09-00558-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
MARIANO SALINAS, M.D.,                                                        Appellant,

v.

FRANCISCO DIMAS AND NORMA 
BENITEZ DIMAS AS NEXT FRIENDS 
OF NEMESIO DIMAS, A MINOR,                                                 Appellees.
                                                                                                                      

On appeal from the 139th District Courtof Hidalgo County, Texas.
                                                                                                                       

O P I N I O N

Before Justices Rodriguez, Garza, and Benavides
Opinion by Justice Garza

          Appellant, Mariano Salinas, M.D., challenges the trial court’s denial of his motion to
dismiss the health care liability claims of appellees, Francisco Dimas and Norma Benitez
Dimas, as next friends of Nemesio Dimas, a minor child. By a single issue, Dr. Salinas
argues that the trial court should have granted his motion to dismiss because an expert
report under chapter 74 of the Texas Civil Practice and Remedies Code cannot be served
on a defendant prior to that defendant having answered the lawsuit. See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351 (Vernon Supp. 2009). We affirm.
 
I. Background
          The Dimases filed suit against Dr. Salinas on February 6, 2009, alleging that Dr.
Salinas “committed acts and/or omissions of negligence and gross negligence in
connection with” the obstetrical care and treatment of Norma. The Dimases’ original
petition contended that, as “proximate results” of Dr. Salinas’s negligence and gross
negligence, “Nemesio Dimas sustained physical pain, past and probable future physical
impairment, past and probable future disfigurement, past and probable future mental
anguish, and probable future loss of earning capacity . . . .”
          Dr. Salinas was served with citation and the Dimases’ original petition on February
16, 2009. Also delivered to Dr. Salinas on that date was an expert medical report authored
by William A. Frumovitz, M.D., accompanied by Dr. Frumovitz’s curriculum vitae. See id. 
Dr. Salinas filed his original answer, generally denying all allegations, on March 5, 2009.
          On September 10, 2009, Dr. Salinas moved to dismiss the suit brought by the
Dimases, arguing that the Dimases had not complied with the expert report requirement
prescribed in section 74.351 of the civil practice and remedies code. See id. § 74.351(a)
(“In a health care liability claim, a claimant shall, not later than the 120th day after the date
the original petition was filed, serve on each party or the party’s attorney one or more
expert reports, with a curriculum vitae of each expert listed in the report for each physician
or health care provider against whom a liability claim is asserted.”). In his motion, Dr.
Salinas asserted that (1) 120 days had passed since the filing of the Dimases’ original
petition, and (2) Dr. Frumovitz’s expert report “was not served in accordance with rule 21a
of the Texas Rules of Civil Procedure, and was therefore ineffective.” See id.; Tex. R. Civ.
P. 21a.
          After a hearing on September 29, 2009, the trial court denied Dr. Salinas’s motion
to dismiss. This interlocutory appeal followed. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(9) (Vernon 2008) (permitting appeal of interlocutory order denying all or part of
a motion to dismiss for failure to serve an expert report in a health care liability claim).
II. Standard of Review
          We review a trial court’s order denying a motion to dismiss for failure to comply with
the expert report requirement under an abuse of discretion standard. NCED Mental
Health, Inc. v. Kidd, 214 S.W.3d 28, 32 (Tex. App.–El Paso 2006, no pet.) (applying abuse
of discretion standard to trial court’s denial of motion to dismiss); Kendrick v. Garcia, 171
S.W.3d 698, 702 (Tex. App.–Eastland 2005, pet. denied) (same); see Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001) (applying abuse of
discretion standard to trial court’s granting of motion to dismiss). A trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner or without reference to any
guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985). However, a trial court has no discretion in determining what the law
is or in applying the law to the facts. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992);
Baylor Univ. Med. Ctr. v. Biggs, 237 S.W.3d 909, 916 (Tex. App.–Dallas 2007, pet.
denied). Therefore, when the issues are purely questions of law, as here, we effectively
conduct a de novo review. See Pallares v. Magic Valley Elec. Coop., Inc., 267 S.W.3d 67,
69-70 (Tex. App.–Corpus Christi 2008, pet. ref’d); see also Johnson v. City of Fort Worth,
774 S.W.2d 653, 656 (Tex. 1989) (holding that “matters of statutory construction are
questions of law for the court to decide rather than issues of fact”).
III. Analysis
          By his sole issue, Dr. Salinas contends that the trial court erred in denying his
motion to dismiss because the Dimases failed to validly serve an expert medical report.


 
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Dr. Salinas argues specifically that
“service [of an expert report] upon a defendant healthcare provider requires rule 21a
service and such service cannot be accomplished until a defendant has answered.” See
Tex. R. Civ. P. 21a. According to Dr. Salinas, because the Dimases’ expert report was
delivered to him prior to his having answered the lawsuit, the report was not properly
“served” upon him. We disagree.
          We note at the outset of our analysis that neither party disputes the applicability of
rule 21a of the Texas Rules of Civil Procedure to the service of an expert report under
section 74.351. See Fulp v. Miller, 286 S.W.3d 501, 510 (Tex. App.–Corpus Christi 2009,
no pet.) (op. on reh’g) (concluding that “the Legislature intended for claimants to comply
with rule 21a . . . to fulfill the requirements of section 74.351(a)”); Univ. of Tex. Health Sci.
Ctr. at Houston v. Gutierrez, 237 S.W.3d 869, 872 (Tex. App.–Houston [1st Dist.] 2007,
pet. denied) (same); Kendrick, 171 S.W.3d at 704 (same). Rule 21a specifically permits
service of a document “by delivering a copy to the party to be served, or the party’s duly
authorized agent or attorney of record, as the case may be, either in person or by agent
. . . .” Tex. R. Civ. P. 21a. Moreover, the parties both acknowledge that Dr. Salinas was,
in fact, personally served with Dr. Frumovitz’s expert report at the time he was served with
citation and the Dimases’ original petition. The sole question for this Court, therefore, is
whether service of an expert medical report on a defendant may be effectuated prior to the
defendant answering the lawsuit.
          In arguing that it may not, Dr. Salinas notes that, if a claimant is permitted to serve
an expert report upon a defendant before that defendant answers the lawsuit, it is possible
that the deadline for challenging the expert report would expire before the deadline for filing
an answer. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (“Each defendant physician
or health care provider whose conduct is implicated in a report must file and serve any
objection to the sufficiency of the report not later than the 21st day after the date it was
served, failing which all objections are waived.”); Tex. R. Civ. P. 99(b) (“The citation shall
direct the defendant to file a written answer to the plaintiff’s petition on or before 10:00 a.m.
on the Monday next after the expiration of twenty days after the date of service thereof.”). 
Dr. Salinas urges that “it is unfathomable that the Legislature would allow a situation to
exist where the time period to object would expire prior to the defendant’s deadline to file
an answer and enter an appearance.”
          In support of his argument, Dr. Salinas cites Gardner v. U.S. Imaging, Inc., 274
S.W.3d 669, 671 (Tex. 2008) and Morris v. Umberson, No. 01-09-00644-CV, 2009 Tex.
App. LEXIS 8577 (Tex. App.–Houston [1st Dist.] Nov. 5, 2009, pet. filed). In both cases,
the defendant health care provider filed an untimely answer to the plaintiff’s lawsuit. 
Gardner, 274 S.W.3d at 670; Morris, 2009 Tex. App. LEXIS 8577, at *2. The plaintiff then
served an expert medical report on the defendant after the defendant filed its untimely
answer. Gardner, 274 S.W.3d at 670; Morris, 2009 Tex. App. LEXIS 8577, at *2. The
defendant argued that the expert report was untimely because it was served more than 120
days after the plaintiff’s original petition was filed. Gardner, 274 S.W.3d at 670; Morris,
2009 Tex. App. LEXIS 8577, at *3. Both courts found that the 120-day deadline was tolled
from the time the defendant’s answer was due to the time the defendant eventually made
an appearance; therefore, the expert reports were timely filed. Gardner, 274 S.W.3d at
671; Morris, 2009 Tex. App. LEXIS 8577, at *10-11. Dr. Salinas concedes that these
cases are not directly on point with the issue we consider here, but notes that “in both
cases, courts of appeals considered the date of the defendant’s answer in tolling the 120-day expert report deadline.”
          We do not find Gardner or Morris to be persuasive. Neither of those cases involved
a plaintiff serving an expert medical report prior to the date that the defendant’s answer
was due. To the extent that these cases considered the date of the defendant’s answer,
they did so only in the context of determining how long the 120-day expert report deadline
would be tolled. In fact, both courts found that the 120-day period began with the filing of
the claimant’s original petition and that the tolling of that period commenced only upon the
expiration of the defendant’s time to file an answer under rule 99(b). Gardner, 274 S.W.3d
at 671; Morris, 2009 Tex. App. LEXIS 8577, at *10-11.
          Requiring a defendant to file any objections to an expert report prior to the deadline
for filing an answer to the lawsuit may seem counterintuitive, but we disagree with Dr.
Salinas that the Legislature could not have intended this result. When interpreting a
statute, we presume that the Legislature enacted it with complete knowledge of the existing
law and with reference to that law. Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433,
443 (Tex. 2009) (citing Acker v. Tex. Water Comm’n, 790 S.W.2d 299, 301 (Tex. 1990)). 
Nothing in the rules of civil procedure states or implies, as Dr. Salinas suggests, that rule
21a service “cannot be accomplished until a defendant has answered.”


 Moreover, there
is nothing in chapter 74 that could be interpreted as creating any exception to the rule that
a defendant must file any objection to an expert report within twenty-one days of the
service of the report. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). In enacting
chapter 74, the Legislature chose not to include a provision, such as those found in many
rules of civil procedure,


 enlarging the time for a defendant to file objections to an expert
report when that defendant is served with the report prior to answering the lawsuit. Under
these circumstances, where the laws at issue do not actually conflict, we must adhere to
the plain meaning of both rule 21a and section 74.351. See Fitzgerald v. Advanced Spine
Fixation Sys., 996 S.W.2d 864, 865 (Tex. 1999) (“[I]t is cardinal law in Texas that a court
construes a statute “first, by looking to the plain and common meaning of the statute’s
words.”) (quoting Liberty Mut. Ins. Co. v. Garrison Contractors, 966 S.W.2d 482, 484 (Tex.
1998)). Accepting Dr. Salinas’s argument here would require us to create an exception 
to the statute, which we are not at liberty to do. See Tex. Workers’ Comp. Comm’n v.
Garcia, 893 S.W.2d 504, 520 (Tex. 1995) (quoting Smith v. Davis, 426 S.W.2d 827, 831
(Tex. 1968) (“The wisdom or expediency of the law is the Legislature’s prerogative, not
ours.”).
          We therefore conclude that there is nothing in the applicable rules or statutes
prohibiting a health care liability claimant from serving an expert medical report on a
defendant prior to that defendant having answered the lawsuit. Accordingly, the Dimases’
expert report was timely served, and the trial court did not err by denying Dr. Salinas’s
motion to dismiss. Dr. Salinas’s sole issue is overruled.
IV. Motion for Dismissal and Sanctions
          In his notice of appeal and appellate brief, Dr. Salinas named the Dimases’ counsel,
Harold K. Tummel, as an appellee. On December 1, 2009, Tummel filed a “Motion for
Dismissal and Award of Just Damages” with this Court, asking us to dismiss the appeal as
it relates to him and to award him reasonable attorney’s fees as a sanction against Dr.
Salinas’s attorneys, Ronald G. Hole and I. Cecilia Garza. See Tex. R. App. P. 25.1(b), 45
(providing that we may “award each prevailing party just damages” if we determine that an
appeal is frivolous).
          Hole and Garza filed a response to Tummel’s motion in which they argue that
Tummel is “a necessary and proper party to this appeal as [Dr. Salinas] sought attorney’s
fees from both the claimant and his attorney, as authorized by statute.” The statute
provides that, if a health care liability claimant does not timely serve an expert medical
report, the trial court must “enter an order that . . . awards to the affected physician or
health care provider reasonable attorney’s fees and costs of court . . . .” Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(b). The current version of the statute does not specify whether
the claimant, the claimant’s attorney, or both are potentially liable for attorney’s fees;
however, the previous version of the statute stated that the order for attorney’s fees must
be entered “against the claimant or the claimant’s attorney.” See Act of May 5, 1995, 74th
Leg., R.S., ch. 140, § 13.01(e), 1995 Tex. Gen. Laws 985, 986 (former Tex. Rev. Civ. Stat.
art. 4590i, § 13.01(e)), repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09,
2003 Tex. Gen. Laws 847, 884. Both parties cite the Legislature’s action in 2003 as
support for their positions: Hole and Garza argue that, if the Legislature intended to
entirely prohibit the recovery of fees from the claimant’s attorney, it would have left
language in the statute stating that the order should be entered “against the claimant”;
Tummel argues that, without the prior language, there is no authority supporting the
imposition of sanctions against a claimant’s attorney.
          In at least three other appeals before this Court, Hole and Garza have named an
opposing party’s counsel as an appellee. See Guerrero v. Ruiz, No. 13-09-00150-CV,
2009 Tex. App. LEXIS 8685, at *10-11 n.2 (Tex. App.–Corpus Christi Nov. 12, 2009, no
pet.) (mem. op.); Haddad v. Marroquin, No. 13-08-00139-CV, 2009 Tex. App. LEXIS 5674,
at *10-12 n.1 (Tex. App.–Corpus Christi July 23, 2009, pet. denied) (mem. op.); Fulp, 286
S.W.3d at 512-13. In each case, we found that attorney’s fees were unavailable because
the trial court had not yet dismissed the claimant’s suit; therefore, we declined to address
the issue of whether section 74.351(b) permits the recovery of attorney’s fees from a
claimant’s attorney. Guerrero, 2009 Tex. App. LEXIS 8685, at *10 n.2; Haddad, 2009 Tex.
App. LEXIS 5674, at *11-12 n.1; Fulp, 286 S.W.3d at 513. The same result must obtain
here. Because the trial court did not err in denying Dr. Salinas’s motion to dismiss, Dr.
Salinas is not entitled to attorney’s fees under section 74.351(b). See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(b). We need not address whether attorney’s fees would have
been recoverable from Tummel had the Dimases not timely served an expert report. See
Tex. R. App. P. 47.1. Moreover, because we have consistently declined to address this
issue, we cannot say that Hole and Garza’s naming of Tummel as a party to the appeal
amounts to sanctionable conduct. See Gard v. Bandera County Appraisal Dist., 293
S.W.3d 613, 619-20 (Tex. App.–San Antonio 2009, no pet.) (denying appellees’ motion for
sanctions and finding that the appeal was not “objectively frivolous” because it raised an
issue of first impression); Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., 164
S.W.3d 438, 448 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (“We impose sanctions
only under those circumstances we find truly egregious.”).
          We note, however, that the appellate rules provide that “[t]he filing of a notice of
appeal by any party invokes the appellate court’s jurisdiction over all parties to the trial
court’s judgment or order appealed from.” Tex. R. App. P. 25.1(b). Because Tummel was
not a party to the trial court’s order denying Dr. Salinas’s motion to dismiss, we do not have
jurisdiction over Dr. Salinas’s appeal as to Tummel. See Haddad, 2009 Tex. App. LEXIS
5674, at *12 n.1 (concluding that the Court had no jurisdiction over appellee’s attorney);
Fulp, 286 S.W.3d at 513 (same). We therefore grant Tummel’s motion to dismiss the
appeal as it relates to him.
V. Conclusion
          Having overruled Dr. Salinas’s issue, we affirm the judgment of the trial court. We
further grant in part and deny in part Tummel’s “Motion for Dismissal and Award of Just
Damages.” Specifically, we (1) dismiss the appeal as it relates to Tummel for want of
jurisdiction, and (2) deny Tummel’s request for sanctions.
 

                                                                
                                                                           DORI CONTRERAS GARZA
                                                                           Justice

Delivered and filed the
18th day of March, 2010.