

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00191-CV

Allen F. **LANIER**,
Appellant

v.

**CITY OF LAREDO**
and the Firefighters' and Police Officers' Civil Service Commission of the City of Laredo,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2010-CVQ-001113-D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  April 24, 2013

AFFIRMED

Allen Lanier appeals a summary judgment granted in favor of the City of Laredo (the

"City") and the Firefighters' and Police Officers' Civil Service Commission of the City of

Laredo (the "Commission") in a proceeding challenging his demotion within the Laredo Police

Department.  We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Lanier joined the Laredo Police Department in 1974, starting as a patrol officer and

progressing up the ranks to investigator, sergeant, lieutenant and, finally, becoming a captain in

1986.  In September 1996, after considering the Police Chief's written recommendation of demotion, the Commission found that probable cause existed to demote Lanier from captain to investigator.  Lanier appealed the Commission's finding to an independent third party hearing examiner (the "Hearing Examiner"), who agreed that demotion was warranted and imposed the involuntary demotion on November 27, 1996.  Lanier then filed a petition in district court in Webb County, Texas seeking a de novo review of the Hearing Examiner's decision.  The trial court granted summary judgment in favor of the City and the Commission.  Lanier appealed the summary judgment to this court, which affirmed the district court's judgment in a per curiam opinion.  *See Lanier v. City of Laredo, et al.*, No. 04-98-00283-CV, 1998 WL 758038 (Tex. App.—San Antonio Oct. 30, 1998, pet. denied).

On June 24, 2010, Lanier filed a petition in Webb County district court against the City and the Commission seeking to set aside the Hearing Examiner's November 27, 1996 decision as void for lack of jurisdiction.  In his petition, Lanier alleged that the Commission did not fully comply with the mandatory notice provisions of section 143.054 of the Firefighter and Police Civil Service Act (the "Act") governing demotions, and that its noncompliance deprived the Hearing Examiner of jurisdiction to demote him.  *See* TEX. LOC. GOV'T CODE ANN. § 143.054 (West 2008).  Lanier sought to vacate the "void" ruling, and pled for reinstatement to the rank of captain and recovery of lost pay and other benefits.  The City and the Commission moved for summary judgment on the grounds that (1) the Commission provided Lanier with the required notice in full compliance with section 143.054, and (2) even if it failed to fully comply with the statutory notice requirements, the failure did not deprive the Hearing Examiner of jurisdiction to rule on Lanier's appeal.  The trial court granted the motion and rendered summary judgment in favor of the City and the Commission without stating the basis of its ruling.  Lanier now appeals.

ANALYSIS

Lanier raises the following two issues on appeal: (1) whether the trial court erred in granting the motion for summary judgment; and (2) whether the summary judgment evidence conclusively proves the City and the Commission complied with the notice requirements of section 143.054 of the Local Government Code. The City and the Commission reply that they conclusively established the absence of any fact issue, and that they are entitled to judgment as a matter of law on both grounds of their summary judgment motion. Specifically, they assert the summary judgment record affirmatively shows their full compliance with section 143.054's notice requirements and, even if they failed to give the required notice, the lack of notice had no effect on the jurisdiction of the independent hearing examiner to rule on Lanier's appeal. *See City of DeSoto v. White*, 288 S.W.3d 389, 397 (Tex. 2009) (reasoning that it is the police officer's action, not the city's notice letter, that invokes the jurisdiction of the commission or the hearing examiner to hear an appeal; therefore, the city's failure to comply with a statutory notice provision, even a mandatory notice requirement, is not jurisdictional).

To prevail on a summary judgment motion brought under Texas Rule of Civil Procedure 166a(c), a movant must show there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review an order of summary judgment de novo. *Fielding*, 289 S.W.3d at 848. "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *See id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). Because the trial court did not specify the grounds relied upon to render summary judgment, we will affirm the trial court's judgment if any of the

theories advanced by the City and the Commission in their summary judgment motion are meritorious. *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

Section 143.054 of the Local Government Code sets forth the procedure governing involuntary demotion of a police officer. TEX. LOC. GOV'T CODE ANN. 143.054. Subsections (a) and (b) of section 143.054 provide that the head of the police department may recommend in writing to the city's civil service commission that a particular officer be demoted. *Id.* § 143.054(a). The department head must immediately furnish a copy of the written recommendation stating the reasons for the proposed demotion in person to the affected police officer. *Id.* § 143.054(b). If the commission finds probable cause for the demotion, the commission must then give the police officer written notice to appear before the commission for a public hearing at the specific time and place stated in the notice. *Id.* § 143.054(c). The notice of the public hearing must be given at least 10 days before the date of the hearing. *Id.*; *see id.* § 143.054(d) (police officer is entitled to public hearing before demotion).

The Act provides an appeal mechanism for adverse disciplinary actions such as a recommended demotion, giving the affected officer an option to appeal the adverse action to either the civil service commission or an independent third party hearing examiner. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.057, 143.1016 (West 2008). If the officer elects to appeal to an independent hearing examiner, the hearing examiner's decision is final and binding on all parties. *Id.* §§ 143.057(c), 143.1016(c). By electing to appeal to a hearing examiner, the officer automatically waives all rights to appeal to a district court except for limited issues such as jurisdiction. *Id.* §§ 143.057(c), (j), 143.1016(c), (j). A notice of disciplinary action must inform the officer that he may choose to appeal to an independent hearing examiner instead of to the

commission, but that if he appeals to a hearing examiner, he waives any appeal to a district court, except for the limited exceptions set forth in subsection (j). *Id.* §§ 143.057(a), 143.1016(a).

Although it is less than clear, Lanier seems to complain that section 143.054's notice requirements were violated because (i) he did not receive any notice of the Commission's probable cause meeting held on September 27, 1995, and (ii) he did not receive proper notice of the public hearing before the Commission to be held on October 17, 1995.[1] With respect to the September 27, 1995 probable cause meeting, Lanier asserts in his brief and in his affidavit attached to his summary judgment response that, on September 19, 1995, the Commission issued "a written notice to the general public advising the public that the Commission intended to take up and consider" the proposed demotion of Lanier on September 27, 1995. Lanier complains that he did not receive this notice, or, alternatively, that the notice was given only eight days before the meeting. The September 19, 1995 notice is not in the clerk's record. Further, section 143.054 does not require notice of the commission's meeting to consider whether probable cause exists to support a requested demotion.

With respect to the October 17, 1995 public hearing before the Commission, the record shows the City and the Commission fully complied with section 143.054's notice requirements. The record contains a letter dated September 27, 1995, from the Commission to Lanier stating that the Commission met on September 27, 1995 to consider his proposed demotion and determined that probable cause existed for the demotion. The letter notifies Lanier that a public hearing on the demotion will be held before the Commission on October 17, 1995, more than ten days away. The letter further advises Lanier of his right to elect to appeal to an independent third party hearing examiner instead of to the Commission in accordance with Local Government

---

[1] Lanier concedes that he was served with a copy of the letter dated March 8, 1995 from the Chief of the Laredo Police Department recommending to the Commission that Lanier be demoted from the rank of captain to the rank of investigator.

Code Section 143.057, and states that if he appeals to a hearing examiner, he waives all rights to appeal to district court except as provided by subsection (j) of Local Government Code section 143.057. Lanier acknowledged receipt of the letter by signing at the bottom and dating his signature on September 27, 1995 at 8:45 a.m. Attached to the letter is also a "Final Order of the Civil Service Commission" dated September 27, 1995, which recites the Commission's finding of probable cause that Lanier should be demoted. In addition, the record contains an affidavit by Cesar R. Garza, Director and Secretary of the Commission, stating that the September 27, 1995 letter was hand-delivered to Lanier on that date. Thus, the City and the Commission conclusively established that they fully complied with the statutory notice requirement for the public hearing under section 143.054(c).

Having determined that the City and the Commission conclusively established they were entitled to summary judgment on one of the theories advanced in their motion, we need not address the other ground for summary judgment relief. We conclude the trial court properly granted summary judgment based on the first ground raised by the City and the Commission. *Kelley*, 284 S.W.3d at 806.

Finally, the City and the Commission ask us to impose damages as appellate sanctions pursuant to Rule 45 of the Texas Rules of Appellate Procedure, claiming that Lanier's appeal is frivolous. TEX. R. APP. P. 45. The decision to grant or deny sanctions under Rule 45 is a matter of discretion which we "exercise[] with prudence and caution and only after careful deliberation in truly egregious circumstances." *Gard v. Bandera Cnty. Appraisal Dist.*, 293 S.W.3d 613, 619 (Tex. App.—San Antonio 2009, no pet.). Rule 45 authorizes recovery of damages only if an appeal is objectively frivolous and injures the appellee. *Id.* An appeal is frivolous when it is pursued in bad faith or when there are no reasonable grounds to support a belief that the judgment would be reversed. *Id.* As long as an appellate argument has a "reasonable basis in

law and constituted an informed, good faith challenge to the trial court's judgment," an award of sanctions would not be appropriate. *Herring v. Welborn*, 27 S.W.3d 132, 145 (Tex. App.—San Antonio 2000, pet. denied) (citing *Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991) (per curiam)). Although we conclude Lanier's assertion that the Hearing Examiner lacked jurisdiction is without merit, we decline to find the appeal objectively frivolous. Accordingly, we deny the request for sanctions.

Based on the foregoing reasons, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice