

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00508-CV

Twanda **BROWN**,
Appellant

v.

**CITY OF INGRAM**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 19355B
Honorable Rex Emerson, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: November 20, 2019

AFFIRMED

Appellant Twanda Brown ("Brown") files this accelerated appeal from the trial court's order granting appellee's plea to the jurisdiction and dismissing Brown's counterclaim in a suit regarding the provision of utility services. We affirm the trial court's order and judgment.

## Background

Appellee the City of Ingram ("the City") sued Brown and eight other defendants, seeking declaratory judgment that Ordinance No. 2015-1 and Chapter 13 of the City Code are "valid and reasonable exercises of the City's police powers." Ordinance No. 2015-1 adopted and enacted

Chapter 13 of the City Code and creates a penalty for violation of Chapter 13. Chapter 13, entitled "Utilities," regulates the City's wastewater system.

Brown answered the City's suit and asserted a counterclaim for breach of contract, alleging the City "breached its Contract for Wastewater Services by knowingly permitting an unqualified, unlicensed subcontractor" to connect her property to the City's sewer system. Brown alleged the subcontractor's negligence "sever[ed] a gas line and caus[ed] damages to Brown and her property."

In response to Brown's counterclaim, the City filed a plea to the jurisdiction, later amended, asserting sovereign immunity from suit. The trial court held a hearing on the plea to the jurisdiction and miscellaneous other motions. During the hearing, the City offered Kerr County employee Ashli Badders's affidavit, which states Ms. Badders was present and personally witnessed the destruction of Brown's septic tank. The trial court admitted the affidavit with the attached photographs. Following the hearing, the trial court granted the plea to the jurisdiction and dismissed Brown's counterclaim.

Several days after the trial court granted the plea to the jurisdiction, the City filed a "Supplement to Correct the Record," asking the trial court to strike the Badders affidavit on the basis that counsel for the City learned, after the trial court granted the plea to the jurisdiction, that Badders "made a mistake as to the location of where she took the photographs attached to her Affidavit." Brown filed an objection to the City's request to correct the record and, in the alternative, requested that the trial court re-open the hearing on the plea to the jurisdiction. The record does not reflect that the trial court ruled on either the City's request to correct the record or Brown's request to re-open the hearing on the plea to the jurisdiction.

Brown files this accelerated appeal from the order granting the plea to the jurisdiction and judgment dismissing her counterclaim.

**Standard of Review**

"'Sovereign immunity protects the State from lawsuits for money damages.'" *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (quoting *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002)). "Political subdivisions of the state, including cities, are entitled to such immunity—referred to as governmental immunity—unless it has been waived." *Id.* "Sovereign immunity encompasses immunity from suit, which bars a suit unless the state has consented, and immunity from liability, which protects the state from judgments even if it has consented to the suit." *Id.* Sovereign immunity from suit deprives a trial court of subject-matter jurisdiction. *Id.*

We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally to determine whether the plaintiff has alleged facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Id*. If the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the relevant evidence in the record to determine whether a fact issue exists. *Id.* at 227.

**Discussion**

In her first issue, Brown argues the City is not immune from suit because the City entered into a contract to provide wastewater services in its proprietary capacity.

Absent a clear waiver, a city enjoys governmental immunity from suit arising from its performance of governmental functions. *Reata Constr. Corp.*, 197 S.W.3d at 374. "Governmental functions" are those functions performed solely for the public benefit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). A city is not immune, however, from suit arising from its performance of "proprietary functions," which are acts taken in the city's "private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government." *Id.*

This court has held "all activities associated with the operation of one of the government functions listed in section 101.0215(a) [of the Tort Claims Act] are governmental and cannot be considered proprietary, regardless of the city's motive for engaging in the activity." *City of San Antonio v. Butler*, 131 S.W.3d 170, 177 (Tex. App.—San Antonio 2004, pet. denied). Among the governmental functions listed in section 101.0215(a) of the Tort Claims Act are "health and sanitation services," "sanitary and storm sewers," and "water and sewer service." TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(2), (9), (32). In determining a city's sovereign immunity from suit, the distinction between governmental and proprietary functions applies to breach of contract claims as well as to negligence claims. *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 439 (Tex. 2016)

Citing section 101.0215(a)(2), (9), and (32), our sister court held a city that plugged a wastewater discharge line between the plaintiff's facility and the city's sanitary sewer system had governmental immunity from the plaintiff's suit for breach of contract and negligence. *City of Houston v. Downstream Envtl., L.L.C.*, 444 S.W.3d 24, 35 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). In a similar case, the court of appeals held a city that installed new sewer mains requiring commercial property owners to reroute their plumbing at their own expense had governmental immunity from the property owners' inverse condemnation claims because "a city's decision on whether and how to repair a sewer is a governmental function for which the city enjoys governmental immunity." *City of Dallas v. Blanton*, 200 S.W.3d 266, 279 (Tex. App.—Dallas 2006, no pet.).

Here, Brown alleged the City breached a "Contract for Wastewater Services by permitting an unqualified, unlicensed subcontractor" to connect her property to the City's sewer system. As in the *Downstream* and *Blanton* cases, we conclude the City's actions connecting residents to the city's sewer system is a governmental function, as are the City's decisions regarding whether and

how to do so. Because the conduct underlying Brown's claim constitutes the City's performance of a governmental function, the City is immune from suit unless the legislature has clearly waived that immunity. *See Reata Constr. Corp.*, 197 S.W.3d at 374.

Brown argues the City's immunity is clearly waived pursuant to Local Government Code chapter 271 subchapter I. Section 271.152 provides: "A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract . . . ." TEX. LOC. GOV'T CODE ANN. § 271.152. The statute defines "contract subject to this subchapter" as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity . . . ." *Id.* § 271.151(2)(A). Whether goods or services are provided to a local governmental entity depends on whether they are provided or performed for the entity's direct benefit. *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 839 (Tex. 2010).

Here, assuming the City and Brown entered into a "Contract for Wastewater Services," as Brown alleges, Brown contends the contract "involve[ed] the construction of service lines and provision of utility services to Brown's residence." In other words, Brown alleges the contract was an agreement by the City to provide goods or services to Brown, not the other way around. Because any purported contract does not involve the provision of goods or services *to the City*, it is not a "contract subject to" Local Government Code chapter 271 subchapter I. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(2)(A), 271.152; *see also Berkman v. City of Keene*, 311 S.W.3d 523, 527 (Tex. App.—Waco 2009, pet. denied) (holding city's agreement to furnish water and sewer services to the appellant's property is not a contract subject to chapter 271, subchapter I because the appellant received all direct benefits of the agreement). Accordingly, assuming the City and

Brown entered into a valid contract as alleged by Brown, doing so did not waive the City's immunity from Brown's suit for breach of that contract. Brown's first issue is overruled.

In her second issue, Brown argues the trial court's admission of the Badders affidavit "[was] germane to the underlying dispute and contributed to the [trial court's] granting of the City's plea to the jurisdiction." In conducting a de novo review of the trial court's ruling on the plea to the jurisdiction, we were not required to consider the Badders affidavit and did not do so. *See Miranda*, 133 S.W.3d at 226. Accordingly, we conclude the introduction and subsequent withdrawal of the Badders affidavit are not grounds for reversal. Brown's second issue is overruled.

### Appellate Sanctions

The City moves for appellate sanctions on the basis that Brown's appeal is frivolous. This court is authorized to impose appellate sanctions if it determines an appeal is frivolous. *In re Willa Peters Hubberd Testamentary Trust*, 432 S.W.3d 358, 369 (Tex. App.—San Antonio 2014, no pet.). "'Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances.'" *Id.* (quoting *Gard v. Bandera Cnty. Appraisal Dist.*, 293 S.W.3d 613, 619 (Tex. App.—San Antonio 2009, no pet.)). "'To determine whether an appeal is objectively frivolous, we review the record from the standpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed.'" *Id.* (quoting *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)). "'If an appellant's argument on appeal fails to convince us but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate.'" *Id.* (quoting *Gard*, 293 S.W.3d at 619).

Although we overrule both of Brown's issues on appeal, we do not believe those issues lack any reasonable basis in law. Accordingly, we conclude the appeal is not frivolous and deny the City's request for appellate sanctions.

## Conclusion

Having overruled Brown's two issues on appeal, we affirm the trial court's order granting the City's plea to the jurisdiction and judgment dismissing Brown's counterclaim for lack of subject-matter jurisdiction.

Sandee Bryan Marion, Chief Justice