

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00342-CV

Justin **WOLFF**,
Appellant

v.

Mandi **STORES**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-21876
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:     Sandee Bryan Marion, Chief Justice
     Rebeca C. Martinez, Justice
     Liza A. Rodriguez, Justice

Delivered and Filed: September 23, 2020

DISMISSED FOR LACK OF JURISDICTION

Appellee Mandi Stores has filed a motion to dismiss this interlocutory appeal for lack of jurisdiction. Stores sued her therapist, Appellant Justin Wolff, for professional negligence and sexual exploitation pursuant to section 81.002 of the Texas Civil Practice and Remedies Code. Wolff then filed a motion to dismiss Stores's claims for failure to serve an expert report in compliance with chapter 74 of the Texas Civil Practice and Remedies Code. The trial court denied Wolff's motion, but sustained his objections to the expert report. The trial court then granted Stores's motion for extension of time to cure deficiencies in the report, giving her thirty days to

address Wolff's objections and cure the deficiencies. Wolff then filed a notice of interlocutory appeal.

Section 74.351 of the Texas Civil Practice and Remedies Code requires a health care liability claimant, "not later than the 120th day after the date each defendant's original answer is filed" to serve on each party or his attorney "one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." TEX. CIV. PRAC. & REM. CODE § 74.351(a). "Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived." *Id*. If an expert report is not served within that period, a trial court, "on the motion of the affected physician or health care provider," must grant a motion to dismiss the claim. *Id*. § 74.351(b). "If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." *Id*. § 74.351(c). "A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." *Id*. § 74.351(l). "Expert report" is defined as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id*. § 74.351(r)(6).

Under section 74.351, "if a deficient report is served and the trial court grants a thirty-day extension, that decision—even if coupled with a denial of a motion to dismiss—is not subject to

appellate review." *Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007); *see* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9) (allowing an appeal from an interlocutory order that "denies all or part of the relief sought by a motion under section 74.351(b), *except that an appeal may not be taken from an order granting an extension under section 74.351*") (emphasis added). However, if no timely expert report is served, the trial court's order denying the motion to dismiss may be subject to an interlocutory appeal, even if the trial court grants an extension of time. *Badiga v. Lopez*, 274 S.W.3d 681, 684-85 (Tex. 2009).

The Texas Supreme Court has enunciated the minimal standard necessary for a document to constitute an "expert report" under section 74.351: it must "contain[] a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit." *Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011). According to the supreme court, "[a]n individual's lack of relevant qualifications and an opinion's inadequacies are deficiencies the plaintiff should be given an opportunity to cure if it is possible to do so." *Id*. "This lenient standard avoids the expense and delay of multiple interlocutory appeals and assures a claimant a fair opportunity to demonstrate that his claim is not frivolous." *Id*. Thus, "a thirty-day extension to cure deficiencies in an expert report may be granted if the report is served by the statutory deadline, if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated." *Id*. at 557. The supreme court "recognize[d] that this is a minimal standard, but [the court] th[ought] it is necessary if multiple interlocutory appeals are to be avoided, and appropriate to give a claimant the opportunity provided by the Act's thirty-day extension to show that a claim has merit." *Id*. Therefore, "[a]ll deficiencies, whether in the expert's opinions or qualifications, are subject to being cured before an appeal may be taken from the trial court's refusal to dismiss the case." *Id*.

In this case, Stores timely served an expert report by Cheryl Shulter, a licensed professional counselor who is licensed to practice in the state of Texas. Wolff objected that her report was so deficient that it amounted to no report being served within the 120-day deadline because Shulter is not a physician and thus cannot testify about causation as a matter of law. However, the supreme court has stated that a plaintiff may serve a report by a new expert to cure any deficiency and is not limited to a report by the original expert. In *Lewis v. Funderbunk*, 253 S.W.3d 204, 208 (Tex. 2008), the supreme court rejected the argument that the thirty-day extension in section 74.351(c), which allows a claimant to "cure the deficiency," "permits only amendments by the original expert rather than substitutions by a new one." *Id*. According to the supreme court, "[b]ecause the statute allows a claimant to cure a deficiency, and that requirement like all others may be satisfied by serving a report from a separate expert," it agreed with the claimant "that the statute does not prohibit him from changing experts midstream." *Id*. Thus, as in *Lewis*, Stores in this case may serve an expert report from a separate expert to cure the deficiency in Shulter's expert report.[1] *See id*.

In reviewing Shulter's expert report, we conclude that it meets the standard enunciated by the supreme court in *Scoresby*, 346 S.W.3d at 557. It was served by the statutory deadline, contains the opinion of an individual with expertise that the claim has merit, and implicates the defendant's conduct. *See id*. In her report, Shulter states that she is a licensed professional counselor who is licensed to practice in Texas. Her report lists standards of care applicable to Wolff's therapist-patient relationship with Stores:

- In the field of mental health, sexual contact or a romantic relationship concurrent with the therapist-patient relationship is unethical. The standard of care for a therapist is to not engage in a sexual or romantic relationship with their patient. Specifically, the Texas State Board of Examiners of Professional

---

[1]After Wolff filed his motion to dismiss and objections to Shulter's expert report, Stores served him, outside the 120-day deadline, with a second expert report, this one written by Tomas Gonzalez, M.D.

Counselors Code of Ethics (Subchapter C of Title 22 of the Texas Administrative Code, Chapter 681) in § 681.41(m)(3) states "[a] licensee may engage in sexual contact with a client if the contact begins more than five years after the end of the counseling relationship and the non-therapeutic relationship is consensual, not the result of exploitation by the licensee, and is not detrimental to the client." Additionally, the Texas State Board of Examiners of Professional Counselors Code of Ethics (Subchapter C of Title 22 of the Texas Administrative Code, Chapter 681) in § 681.42(a)(4) states "Therapeutic deception" means a representation by a licensee that sexual contact with, or sexual exploitation by, the licensee is consistent with, or a part of, a client's or former client's counseling." Sexual behavior between a therapist and a patient is never diagnostic or therapeutic.

- Specifically, in Section 681.42 of the Texas Administrative Code, certain codes of ethics for licensed counselors are set forth. In that section, the code of ethics forbids any sexual contact between a therapist and a patient. The patient cannot "consent" to the sexual contact under any circumstances.

- This principle is recognized by the Texas Civil Practice and Remedies Code in Chapter 81, which makes a therapist liable for having sexual contact with a patient for damages, including mental anguish. In addition, this issue is so serious that Chapter 81 requires a therapist to report to the state board any suspicions or allegation of sexual abuse by another mental health provider. There is no defense of "consent" under that Section. This is also required under Section 681.42 of the Texas Administrative Code of ethics.

- Further, under Section 22.011 of the Texas Penal Code, sexual assault is defined as the penetration of a sexual organ without the consent of the party who is penetrated. Section 22.011 of the Texas Penal Code also provides that a person cannot consent if "the actor is a mental health services provider or a health care services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person's emotional dependency on the actor." A licensed professional counsellor is defined in that section as a mental health provider. That section further provides that commission of such an offense is a second-degree felony.

- These types of actions by the therapist that are outside of the normal professional limits and are actions that have the potential to harm and/or exploit the vulnerable patient. Experts in the field of mental health have repeatedly found that sexual boundary violations are psychologically damaging. Boundary violations interfere with adequate diagnosis and treatment of the patient and interferes with the patient receiving essential care. In addition, the patient's original mental disorders are often exacerbated and other mental disorders are induced. It is well established that boundary violations of a sexual nature do harm to the patient. (see R. Simon, 1995). Direct harms described in the literature are: emotional turmoil, shame, fear, guilt and self-blame, isolation and

emptiness, cognitive distortion, identity confusion, emotional lability, sexual dysfunction, mistrust of authority and paranoia, depression, self-harm, and suicide. In addition to direct harms, there are known indirect harms in terms of loss of trust in healthcare providers and damage to self-esteem.

Shulter's report then explains specifically and in graphic detail how Wolff's actions violated these standards with respect to Stores. We thus hold that Shulter's report meets *Scoresby*'s standard of constituting an "expert report" under Section 74.351.

Further, because Shulter's expert report meets the standard enunciated in *Scoresby*, the trial court had authority to grant a thirty-day extension to cure the deficiency. As explained in *Scoresby*, 346 S.W.3d at 557, if an expert report meets the minimal standard and the trial court grants an extension of time to cure any deficiencies in the report, the trial court's order denying a motion to dismiss is not appealable. We therefore hold that we do not have jurisdiction over this interlocutory appeal. *See id*.

We note that Wolff has filed a motion to stay, arguing that if we determine we lack jurisdiction over this appeal, we should stay this appeal pending a ruling by the trial court as to the sufficiency of a second expert report served by Stores. We decline to stay this appeal pending some future ruling by the trial court.

Finally, Stores has moved for sanctions, arguing that Wolff brought a frivolous interlocutory appeal. Texas Rule of Appellate Procedure 45 provides that if a court of appeals determines an appeal is frivolous, it may award a prevailing party just damages. TEX. R. CIV. P. 45. "Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution, and only after careful deliberation in truly egregious circumstances." *In re Willa Peters Hubberd Testamentary Trust*, 432 S.W.3d 358, 369 (Tex. App.—San Antonio 2014, no pet.) (citation omitted). In determining whether an appeal is frivolous, we consider "the record, briefs, and other papers filed in this court." *Gard v. Bandera*

*Cty. Appraisal Dist.*, 293 S.W.3d 613, 619 (Tex. App.—San Antonio 2009, no pet.). We do not find the circumstances in this appeal to be truly egregious and thus decline to impose sanctions against Wolff.

This appeal is dismissed for lack of jurisdiction.

Liza A. Rodriguez, Justice