Juan **JIMENEZ**, Luz Jimenez, Eduardo Jimenez, and Claudia Jimenez, Appellants,

v.

**CITIFINANCIAL MORTGAGE COMPANY, INC.,** Appellee.

No. 08–03–00511–CV.

Court of Appeals of Texas, El Paso.

July 14, 2005.

John Whitaker, El Paso, for Appellants.

Paul D. Pruitt, Irving, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's granting of a no-evidence motion for summary judgment against Appellants. For the reasons stated herein, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The substantive facts in this case are not disputed. The Appellants filed a lawsuit against certain defendants on August 9, 2000 related to disputes over certain real estate transactions related to property owned by Appellants. On April 4, 2002, Appellants filed an amended petition and joined other defendants and Appellee. The allegations in both petitions related to complaints of fraud and a lien filed on the property related to conduct of the various defendants. Appellee filed a general denial and, almost a year later, on September 30, 2003, filed a no-evidence motion for summary judgment as to all causes of action asserted against it. It also requested severance of the claims against it.

On October 27, 2003, the trial court entered an order granting the summary judgment in favor of Appellee and severed the claims against Appellee from the other claims pending against other defendants. Appellants timely filed a notice of appeal.

The record does not contain a copy of Appellants' response to the motion for summary judgment, if any was filed. The trial court entered an order granting Appellee's motion for summary judgment not stating the grounds upon which the motion was granted. Appellants appeal asserting two issues on appeal.

## II. ISSUES ON APPEAL

In two issues, Appellants challenge the court's granting of the Appellee's motion for summary judgment. The issues question whether the granting of the motion for summary judgment in favor of Appellee was proper and whether the severance should have been granted. Issue Nos. One and Two challenge the trial court's order granting Appellee's motion for summary judgment. We construe Appellants' argument as addressing the question of whether a lien should exist on the property in question. We further note that Appellants have wholly failed to cite any legal authority or make any references to the record before us. While the argument is presented in narrative fashion, no assertions are made as to specific error of the trial court. Nonetheless, we construe Appellants' arguments on review as a complaint that there is more than a scintilla of evidence to support a cause of action against the Appellee for the alleged claims of Appellants related to their property dispute, as a matter of law.

## III. STANDARD OF REVIEW

Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have

the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i). The motion must state the elements as to which there is no evidence and the reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *See id.* Under the no-evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.,* 962 S.W.2d 193, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant").

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Marsaglia v. University of Texas, El Paso,* 22 S.W.3d 1, 3–4 (Tex.App.-El Paso 1999, pet. denied); *see also* Hon. David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L.Rev. 1303, 1356 (1998). A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fairminded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner,* 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983).

In the case before us, Appellants filed a petition complaining of the conduct of various defendants related to a real estate transaction involving property owned by Appellants. After almost a year, Appellee filed a no-evidence motion for summary judgment negating all the essential elements of Appellants' claims and refuting the allegations raised in Appellants' second amended petition. Appellants did not file a response to the motion nor was there any summary judgment evidence filed to controvert the "no-evidence" motion for summary judgment filed by Appellee. In light of the pleadings on file and the record before us, we hold that under Texas Rule of Civil Procedure 166a(i), Appellants have failed to meet their burden to defeat Appellee's "no-evidence" motion for summary judgment. In this case, Appellants, the nonmovants below, presented no evidence of any cause of action which could be asserted against Appellee in response to the motion filed.

We also observe that both issues are minimally briefed and do not properly preserve error for review by this Court. When a trial court's summary judgment rests upon more than one independent ground, as the judgment does here, the aggrieved party must assign error to each ground or the judgment will be affirmed on any ground not complained of. *Nabors Corporate Services, Inc. v. Northfield Ins. Co.,* 132 S.W.3d 90, 95 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Williamson v. State Farm Lloyds,* 76 S.W.App.-Houston [14th Dist.] 2002, no pet.). Appellants' issues do not direct this Court's attention to any specific error on

which they base their complaint. *See* Tex. R.App. P. 38.1(e). A complaint on appeal must address specific errors and not merely attack the trial court's order in general terms. *McGuire v. McGuire,* 4 S.W.3d 382, 385 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Hollifield v. Hollifield,* 925 S.W.2d 153, 155 (Tex.App.-Austin 1996, no writ).

Because Appellants did not file a response to Appellee's no-evidence motion for summary judgment, Appellants did not raise any challenges to the motion for summary judgment and therefore may not raise any on appeal. Tex.R. Civ. P. 166a. Issue No. One is thus waived for inadequate briefing. *See* Tex.R.App. P. 38.1(h); *Stephens v. Dolcefino,* 126 S.W.3d 120, 125–26 (Tex.App.-Houston [1st Dist.] 2003, pet. filed); *Franz v. Katy Indep. Sch. Dist.,* 35 S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

The brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." Tex.R.App. P. 38.1(g). Rule 38 requires Appellants to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.,* 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Franklin v. Enserch, Inc.,* 961 S.W.2d 704, 711 (Tex.App.-Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory statements, unsupported by legal citations. *Tesoro Petroleum Corp.,* 106 S.W.3d at 128. By presenting such attenuated, unsupported argument, Appellants waive their complaints. We overrule Appellants' Issue No. One.

Similarly, Issue No. Two appears to complain of the trial court's granting of severance of the claims against Appellee. Like Issue No. One, Issue No. Two is inadequately briefed and the purported challenge was not raised in any response to Appellee's motion below. Appellants did not establish any basis for reversal of the trial court's decision in their brief and in fact do not address the issue of severance other than mere mention of the word in one indecipherable sentence. In sum, the argument presented by Appellants is nonsensical. We overrule Issue No. Two.

Having overruled each of Appellants' issues on review, we affirm the judgment of the trial court.