COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

TIMOTHY W. SORENSON, § 

No. 08-09-00191-CV

Appellant, §

Appeal from the

v. §

192nd Judicial District Court

§

COMMISSION FOR LAWYER

of Dallas County, Texas

DISCIPLINE, §

(TC# 08-06096)

Appellee. §

## O P I N I O N

In this attorney disciplinary matter, Timothy W. Sorenson appeals a summary judgment granted in favor of the Commission for Lawyer Discipline. Because Sorenson has not challenged every ground upon which the judgment was based, we will affirm.

In 2006, a state bar evidentiary panel entered a judgment of partially probated suspension against Sorenson. Sorenson was suspended from practicing law for fifty-eight-and-one-half months, with four-and one-half months being an active suspension and the remaining months being probated. During his active suspension, Sorenson was prohibited from practicing law in Texas.

The active suspension began on June 1, 2007. At that time, Sorenson was representing Willie and Sheryl Ward in a suit against Fixtrader, L.P. Sorenson notified the court, opposing counsel, and the Wards of his active suspension. He arranged for Jeff Forrest Smith to take his place as lead counsel and for himself to continue working on the case as Smith's legal assistant. On June 20, 2007, Smith entered his appearance as counsel for the Wards. In August 2007, a

notice of lis pendens related to the Ward suit was filed in the county clerk's office. The notice was acknowledged before a notary public on August 19, and the signature block identified the signer as "Timothy W. Sorenson, Esquire."

As a result of a complaint filed by Fixtrader's general counsel, the Commission filed a new disciplinary petition against Sorenson. The petition alleged that Sorenson committed professional misconduct by signing the notice of lis pendens.[1] Specifically, the petition asserted that Sorenson violated Rule 8.04(a)(3), (a)(7), and (a)(11) of the Texas Disciplinary Rules of Professional Conduct. *See* TEX.DISCIPLINARY RULES PROF'L CONDUCT R. 8.04(a)(3), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon 2005)(Tex. State Bar R. art. X, § 9) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); *id.* at 8.04(a)(7) (prohibiting conduct violating a disciplinary judgment); *id.* at 8.04(a)(11)(prohibiting the practice of law while on suspension).

The Commission filed a motion for partial summary judgment, seeking a determination that Sorenson committed professional misconduct, but saving the determination of an appropriate sanction for a later hearing. The Commission asserted that signing the notice of lis pendens constituted an act of dishonesty in violation of Rule 8.04(a)(3) because "[a]nyone looking at the Notice of Lis Pendens would be led to believe [Sorenson] was the Wards' attorney." The Commission further asserted that Sorenson violated Rule 8.04(a)(11) because, in signing the notice, he practiced law while on active suspension. Since the prior disciplinary judgment prohibited Sorenson from practicing law while on active suspension, the Commission also

---

[1] The petition also claimed that Sorenson committed professional misconduct by signing a certificate of service for Smith's notice of appearance. After the trial court denied summary judgment on this claim, the Commission nonsuited it. Accordingly, this claim is not before us.

asserted that Sorenson violated Rule 8.04(a)(7), which proscribes violating a disciplinary judgment.

Sorenson filed a response to the Commission's motion, combined with a counter-motion for summary judgment. He relied on his own affidavit, which stated that he acted as Smith's legal assistant on the Ward case during his active suspension, and the Commission's answers to his requests for admissions, which established that the term "esquire" is used in many ways. Sorenson later filed a reply to the Commission's response to his counter-motion. Attached to this document was a supplemental affidavit by Sorenson, which stated that he "was acting solely as the agent for Willie Ward and his wife, Sheryl Ward" when he signed the notice of lis pendens.

After the summary judgment hearing, the trial judge sent the parties a letter stating that "Sorenson did not file proper summary judgment evidence" and that he was granting the Commission's motion for partial summary judgment as it related to Sorenson's signature on the notice of lis pendens. The judge eventually signed an order striking the supplemental affidavit, an order denying Sorenson's counter-motion for summary judgment, and an order granting partial summary judgment in favor of the Commission. The order granting partial summary judgment states "that the Motion for Partial Summary Judgment is granted as to the signature of Timothy W. Sorenson on the Notice of Lis Pendens."

After conducting a hearing on sanctions, the judge entered a judgment, stating that Sorenson violated Rule 8.04(a)(3), (a)(7), and (a)(11). The judgment suspended Sorenson from practicing law for six months, but probated the suspension for one year.

On appeal, Sorenson attacks the summary judgment in six issues. In his first issue, he asserts that his signing of the notice of lis pendens did not constitute the practice of law. In his

second issue, he asserts that the Commission presented no evidence to show in what capacity he signed the notice. In his third issue, he contends that the Commission failed to negate the possibility that he signed the notice as the Wards' agent, rather than as an attorney. In his fourth issue, Sorenson argues that the trial court erred in striking his supplemental affidavit. In his fifth issue, he asserts that the evidence presented at the sanctions hearing established that Smith instructed him to sign the notice. In his sixth issue, he asserts that, based on the grounds argued in the previous five issues, the trial court should have granted his motion for summary judgment. Sorenson does not challenge the sanction imposed.

The order granting partial summary judgment states that summary judgment was granted in the Commission's favor as to the signing of the lis pendens. The order does not specify which rules Sorenson violated. The judgment, however, makes clear that the judge determined that Sorenson violated all three of the rules cited by the Commission. Sorenson's entire brief is focused on the issue of whether signing the notice of lis pendens constituted the practice of law. If we agreed with Sorenson on this issue, it would negate the conclusion that he broke Rule 8.04(a)(11) by practicing law while suspended and the conclusion that he broke Rule 8.04(a)(7) by violating the prohibition on practicing law in the disciplinary judgment. It would not, however, negate the conclusion that signing the notice constituted an act of dishonesty because it appeared to be the signature of an attorney.

"When a trial court's summary judgment rests upon more than one independent ground, as the judgment does here, the aggrieved party must assign error to each ground or the judgment will be affirmed on any ground not complained of." *Jimenez v. Citifinancial Mortg. Co., Inc.*, 169 S.W.3d 423, 425 (Tex.App.--El Paso 2005, no pet.). Because Sorenson has not challenged

the conclusion that he violated Rule 8.04(a)(3) when he signed the notice of lis pendens, we must affirm the summary judgment. *Cf. Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 264 (Tex.App.--Houston [14th Dist.] 1999, pet. denied)("[T]he failure of proof as to one of the alleged incidents of dishonesty . . . does not warrant a reversal of the judgment so long as there is sufficient evidence to support at least one such incident.").

The judgment of the trial court is affirmed.


November 17, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.