

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00103-CV

_____

HARRIET NICHOLSON, Appellant

V.

DAVID STOCKMAN, DONNA STOCKMAN, AND DENISE BOERNER,
Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-305585-19

Before Gabriel, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

In this appeal arising from a property foreclosure, appellant Harriet Nicholson appeals from the trial court's interlocutory, no-evidence summary judgment entered in favor of appellees David Stockman (Stockman), Donna Stockman (Donna), and Denise Boerner (Boerner) and from the trial court's later severance order, which rendered the summary judgment final and appealable. Because we conclude that the trial court did not err by granting the summary judgment and did not abuse its discretion by granting the severance motion, we affirm.

## I. BACKGROUND

In 2001, Nicholson executed a deed of trust to her home in Tarrant County in favor of Mortgage Electronic Registration Systems, Inc. (MERS)[1] to secure a contemporaneous $125,048 promissory note. The deed of trust was recorded in Tarrant County. MERS later assigned its interest in the deed to Bank of New York Mellon (BONY). The mortgage servicer for the loan was Bank of America, N.A.

After Nicholson defaulted on her obligations under the deed, Bank of America appointed Stockman as the substitute trustee to enforce the deed. Stockman sold the property to BONY at a July 3, 2012 nonjudicial foreclosure sale, which apparently occurred in Dallas County. The substitute trustee's deed was recorded in Tarrant County.

---

[1]MERS was the nominee of the lender, Mid America Mortgage, Inc. and its successors and assigns.

BONY brought an ultimately successful forcible-detainer action to evict Nicholson from the property. Nicholson, acting pro se, filed suit against BONY, Stockman, Bank of America, Countrywide Home Loans, Inc., and others involved in the foreclosure process, seeking to enjoin the eviction. Meanwhile, Stockman filed a notice rescinding the 2012 foreclosure sale and resulting trustee's deed because the sale had occurred (or at least had been noticed to be) in Dallas County even though the property was located in Tarrant County. *See* Tex. Prop. Code Ann. § 51.002(a). Nicholson amended her petition several times,[2] adding claims and adding as defendants Donna and Boerner, who had been named as alternate substitute trustees along with Reconstruct Company, N.A. in Stockman's rescission notice. During the litigation, the trial court granted Nicholson a partial summary judgment, declaring the substitute trustee's deed and Stockman's subsequent rescission "invalid."

Appellees filed a no-evidence summary-judgment motion, which the trial court granted. Appellees then moved to sever the claims brought against them to confer finality on the no-evidence summary judgment. Appellees followed in the footsteps of Bank of America and Countrywide who had successfully severed Nicholson's claims against them after the trial court had granted summary judgment in their favor.[3]

---

[2]More on the timing and content of some of these amendments later.

[3]The trial court's summary judgment in favor of Bank of America and Countrywide, which was the subject of a separate appeal, was recently affirmed by this court. *Nicholson v. Bank of Am., N.A.*, No. 02-19-00085-CV, 2019 WL 7407739, at *1

The trial court granted Appellees' motion to sever. Nicholson moved for new trial, arguing that the summary-judgment and severance orders were in error. The motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

Nicholson appeals and argues that material fact issues on each element of her claims precluded summary judgment, that the severance order was improper, and that Appellees could not be substitute trustees because they had no contractual relationship with BONY or Bank of America.

## II. SEVERANCE

We review a severance order for an abuse of discretion. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). Nicholson argues that such an abuse occurred because all of her claims were "identical, involving the same facts and issues," and because the severance was unnecessary based on the trial court's earlier severance of her claims against Bank of America and Countrywide.

"Any claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. In a case with multiple defendants, if summary judgment is properly granted in favor of one defendant, it is generally proper to sever the claim against that defendant for purposes of appeal. *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 187 n.5 (Tex. App.—Fort Worth 2004, no pet.); *Arredondo v. City of Dall.*, 79 S.W.3d 657, 665 (Tex. App.—Dallas 2002, pet. denied). Although

(Tex. App.—Fort Worth Dec. 31, 2019, no pet. h.) (mem. op., not designated for publication).

4

Nicholson's claims against Bank of America and Countrywide had been dismissed and severed, her claims against other named defendants remained pending. A severance after an interlocutory summary-judgment order to expedite appellate review is proper and not an abuse of discretion. *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 525–26 (Tex. 1982), *cited in Dorsey v. Raval*, 480 S.W.3d 10, 15 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.); *Arredondo*, 79 S.W.3d at 665. Here, even if Nicholson's claims against all named defendants were founded on the same nucleus of facts, we cannot conclude that the trial court abused its discretion by ordering the severance after granting the interlocutory, no-evidence summary judgment in favor of Appellees. *See, e.g.*, *Young v. Heins*, No. 01-15-00500-CV, 2017 WL 2376828, at *11 (Tex. App.—Houston [1st Dist.] June 1, 2017, pet. denied) (mem. op.); *Dorsey*, 480 S.W.3d at 15; *Banks v. River Oaks Steak House*, No. 2-03-363-CV, 2004 WL 1858216, at *3 (Tex. App.—Fort Worth Aug. 19, 2004, no pet.) (mem. op.); *Arredondo*, 79 S.W.3d at 665. We overrule issue two.

### III. SUMMARY JUDGMENT

Nicholson contends that the trial court granted summary judgment in error because she proffered evidence raising genuine, material fact issues on each element of her claims against Appellees. *See* Tex. R. Civ. P. 166a(i). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam). We

review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).

In her first amended petition, which is not included in the appellate record but which named Stockman as a defendant, Nicholson sought a declaration that the rescission of the foreclosure sale and resulting substitute trustee's deed were invalid and that this invalid rescission did not resurrect the lien conferred in the original deed of trust. Stockman moved for a no-evidence summary judgment, arguing that because the trial court had already declared the rescission invalid, Nicholson's claim was moot. The trial court granted Stockman's motion in an interlocutory order.

Nicholson then filed a second amended petition, which also is not in the appellate record, ostensibly raising claims for fraud and for conspiracy to commit fraud against Stockman. Stockman filed a no-evidence motion for summary judgment on these claims, which the trial court granted.

In her subsequent eighth amended petition,[4] Nicholson again named Stockman as a defendant and added Donna and Boerner as parties. She alleged that Appellees, and the other named defendants, knowingly filed fraudulent documents in violation of Section 12.002 of the Civil Practice and Remedies Code, were negligent per se, were

---

[4]The appellate record does not contain Nicholson's third, fourth, fifth, sixth, or seventh amended petitions, but they do not appear to be relevant to the issues in this appeal.

6

grossly negligent, conspired to commit fraud, and committed fraud. She also sought declaratory relief directed to the validity of the substitute trustee's deed and the subsequent rescission, again urging that the 2001 deed of trust had been "wiped out" by the invalid substitute trustee's deed and rescission.

Appellees moved for a no-evidence summary judgment. Stockman asserted that the conspiracy and fraud claims could not be raised against him because the trial court previously granted him summary judgment on those same claims. Appellees argued that there was no evidence to support the elements of Nicholson's claims. The trial court granted the motion in a nonspecific, interlocutory order.

In her appellate brief, Nicholson's substantive argument specifically directed to the trial court's summary-judgment order is one sentence long with no citation to the record: "Sufficient evidence was before the trial court to support every element of every claim to preclude the grant of Appellees' no-evidence motion for summary judgment or there were genuine issues of material fact (controverting evidence) for trial." Nicholson fails to explain what specific evidence supported each element, to discuss what those elements are, or to parse each ground Appellees raised in their no-evidence motion. Even more egregious is her complete failure to provide citations to the 1178-page clerk's record or to describe the evidence illustrating the genuine, material fact issues she relies on. *See Horton v. Stovall*, No. 18-0925, 2019 WL 6971668, at *3 (Tex. Dec. 20, 2019) (per curiam) ("Courts are not required to comb through the record to find evidence to support a party's appellate issues, but nothing prevents

courts from undertaking reasonable efforts to locate evidence described in a party's brief."). Nicholson's cursory and inadequate briefing on this issue is not a "readily correctable" or "harmless" defect; rather, the brief is a "flagrant violation[]" of the procedural rules that imposes an unreasonable burden on this court—to parse the lengthy record for summary-judgment evidence in an attempt to locate unidentified fact issues for each element of her claims.[5] *Id.* We conclude that Nicholson, through inadequate and non-remediable briefing, failed to present for our review any error arising from the trial court's summary-judgment order. *See, e.g.*, *Jimenez v. Citifinancial Mortg. Co.*, 169 S.W.3d 423, 425–26 (Tex. App.—El Paso 2005, no pet.); *Trebesch v. Morris*, 118 S.W.3d 822, 824–25 (Tex. App.—Fort Worth 2003, pet. denied); *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied). *See generally* Tex. R. App. P. 38.1(i) (requiring argument portion of brief to provide "appropriate citations to authorities and to the record"); *Horton*, 2019 WL 6971668, at *3 (recognizing appellate courts have discretion to find briefing waiver or to allow amendment or rebriefing based on the facts of the case). We overrule issue one.

Even if Nicholson had appropriately briefed this issue, we would conclude that the trial court did not err by granting Appellees' motion. First, the trial court had

---

[5]Nicholson was provided a copy of the appellate record before she initially filed her brief. After we noted several procedural defects in her brief and requested corrections, Nicholson filed an amended brief. *See* Tex. R. App. P. 9.4, 38.1, 38.7, 44.3. Appellees' brief responded to Nicholson's amended brief, and we similarly rely on Nicholson's amended brief.

previously dismissed, in two interlocutory summary-judgment orders, Nicholson's declaratory-judgment, fraud, and conspiracy claims against Stockman. They could not be revived by Nicholson's eighth amended petition. *See Martin v. First Republic Bank*, 799 S.W.2d 482, 488–89 (Tex. App.—Fort Worth 1990, writ denied). Second, Nicholson produced no evidence that Donna or Boerner took any affirmative action regarding the foreclosure sale, the substitute trustee's deed, or the subsequent rescission other than their nominal inclusion as alternate substitute trustees in Stockman's rescission, which was subsequently found to be invalid. Third, Appellees' no-evidence motion set out each element of each claim Nicholson brought against them and specifically argued that there was no evidence to support any of her claims. In response, Nicholson did not raise more than a scintilla of evidence creating a genuine issue of material fact on each element of each claim. And Appellees' arguments to the trial court that Nicholson's claims failed as a matter of law were well founded. Under these circumstances, the summary judgment was not in error. *See* Tex. R. Civ. P. 166a(i); *Gillham v. Sanchez*, No. 05-17-01449-CV, 2019 WL 2082466, at *5–6 (Tex. App.—Dallas May 13, 2019, pet. denied) (mem. op.).

## IV. SUBSTITUTE-TRUSTEE AUTHORITY

Nicholson contends that after Stockman issued the substitute trustee's deed, he had no further express or implied authority to act as BONY and Bank of America's agent; thus, she contends he had no authority to rescind the substitute trustee's deed. But the trial court declared the foreclosure sale and substitute trustee's deed invalid,

9

granting Nicholson the relief she requested and re-urges on appeal. This argument is thus moot.

She further asserts that Donna and Boerner suffered from the same lack of authority. But as we have recognized, Nicholson has failed to proffer any evidence that Donna or Boerner took any action regarding the foreclosure sale, the substitute trustee's deed, or the rescission. Accordingly, whether they had the authority to take any such action is of no moment to Nicholson's claims. We overrule issue three.

## V. CONCLUSION

We conclude that the trial court did not err by granting summary judgment in favor of Appellees, thereby dismissing Nicholson's claims against them, and that the trial court did not abuse its discretion by severing those claims in order to make its summary judgment final and appealable. Accordingly, we affirm the trial court's November 2, 2018 order granting Appellees' no-evidence summary-judgment motion and the trial court's January 17, 2019 order granting Appellees' motion to sever. *See* Tex. R. App. P. 43.2(a). We also deny Nicholson's request for appellate sanctions against Appellees. *Cf.* Tex. R. App. P. 45 (providing for damage award if appeal deemed frivolous).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: January 16, 2020

10