

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00180-CV

———————————————

HARRIET NICHOLSON, Appellant

V.

HARVEY LAW GROUP; NATIONSTAR MORTGAGE LLC; RECONTRUST
COMPANY, N.A.; AND THE BANK OF NEW YORK MELLON, Appellees

---

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-286132-16

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Harriet Nicholson appeals from the trial court's summary judgment in favor of three financial entities and one law firm involved in the later-rescinded 2012 foreclosure of her home. We conclude that based on Nicholson's inadequate briefing and because the law firm established a preclusive affirmative defense, the trial court did not err by entering judgment as a matter of law dismissing Nicholson's claims. Thus, we affirm the trial court's final judgment.

## I. BACKGROUND

This is Nicholson's third appeal related to the 2012 foreclosure of her home. In 2001, Nicholson executed a deed of trust ultimately in favor of appellee Bank of New York Mellon (BNY Mellon), securing a $125,048 loan to purchase her home in Tarrant County. Countrywide Home Loans, Inc. was the servicer of Nicholson's loan, and Bank of America became the loan's servicer after Countrywide had assigned the loan to Bank of America's predecessor by merger. Later, appellee Nationstar Mortgage, LLC became the loan's servicer. After Nicholson defaulted on her repayment obligations, appellee ReconTrust Company was hired to initiate the foreclosure.

BNY Mellon bought the property at a July 3, 2012 nonjudicial foreclosure sale. The substitute trustee, David Stockman, executed a deed, which reflected that the sale had occurred in Dallas County. After BNY Mellon brought a successful forcible-detainer action to evict Nicholson, Nicholson filed suit against BNY Mellon and

others involved in the foreclosure for claims arising from the sale, seeking to enjoin the eviction.[1]

While this suit was pending, Stockman rescinded the sale and cancelled the prior substitute trustee's deed based on the improper location of the foreclosure sale. In the rescission and cancellation of the substitute trustee's deed, the substitute trustee was described as being David Stockman, Denise Boerner, Donna Stockman, or ReconTrust; however, David Stockman was the only signatory. Based on the rescission and cancellation, the trial court granted Nicholson a partial summary judgment, declaring the substitute trustee's deed invalid and void but dismissing Nicholson's claims. Nicholson's loan, however, remained in default.

Nicholson then added Countrywide and Bank of America as defendants to her wrongful-foreclosure claims (the Countrywide Defendants). The trial court granted summary judgment in favor of the Countrywide Defendants and severed the claims against them from the remaining portion of Nicholson's case. We affirmed the summary judgment in favor of the Countrywide Defendants. *Nicholson v. Bank of Am., N.A.*, No. 02-19-00085-CV, 2019 WL 7407739, at *3–4 (Tex. App.—Fort Worth Dec. 31, 2019, pet. denied) (mem. op.).

---

[1]Nicholson initially brought suit only against David Stockman as the substitute trustee, but she added multiple defendants in several amended petitions filed over the course of two years.

Nicholson had also named David Stockman, Donna Stockman, and Denise Boerner as defendants, and the trial court similarly severed the claims against these defendants (the Stockman Defendants). The trial court then granted summary judgment in favor of the Stockman Defendants, which we affirmed. *Nicholson v. Stockman*, No. 02-19-00103-CV, 2020 WL 241420, at *4 (Tex. App.—Fort Worth Jan. 16, 2020, pet. denied) (mem. op.).

The final piece of Nicholson's suit, and our focus today, involves Nicholson's claims against ReconTrust, Nationstar, BNY Mellon, and appellee Harvey Law Group (HLG). HLG was Nationstar's counsel and had notified Nicholson on behalf of Nationstar that the prior acceleration had been rescinded but that her loan remained in default. Similar to her claims against the Countrywide and Stockman Defendants, Nicholson asserted that ReconTrust, Nationstar, BNY Mellon, and HLG made material misrepresentations and knowingly filed documents that falsely clouded her title, constituting negligence and gross negligence and violating the Civil Practice and Remedies Code. She also sought 32 declarations regarding her title to the property and the defendants' actions, and she raised claims for fraud and conspiracy to commit fraud. HLG counterclaimed for its attorney's fees and costs regarding Nicholson's declaratory requests and also sought sanctions.

BNY Mellon, Nationstar, and ReconTrust (the Financial Defendants) filed traditional motions for summary judgment, arguing that Nicholson had failed to raise

4

a genuine issue of material fact on each element of her claims for affirmative relief.[2] HLG moved for a traditional summary judgment based on the affirmative defense of attorney immunity. For her part, Nicholson filed a motion for a traditional and partial summary judgment on her declaratory-judgment claim.

The trial court granted the summary-judgment motions filed by the Financial Defendants and HLG, and later entered final judgment dismissing Nicholson's claims and awarding HLG attorney's fees and costs. The judgment recited that it "disposes of all claims and parties and is a final appealable judgment." Nicholson filed a motion for new trial, which the trial court denied.

Nicholson appeals from the final judgment and argues that that the summary judgments in favor the Financial Defendants were in error because she raised genuine issues of material fact on her claims and that the summary judgment in favor of HLG was in error because HLG was not entitled to attorney immunity. She also contends that the severance orders were in error.

## II. SEVERANCE ORDERS

Nicholson contends that the severance orders regarding the Countrywide and Stockman Defendants were abuses of discretion because they occurred after the case had been submitted to the fact-finder—after summary judgment had been granted in favor of those defendants. In our prior decisions regarding the Countrywide and

---

[2]The Financial Defendants also raised several affirmative defenses that they argued barred Nicholson's claims as a matter of law.

Stockman Defendants, we specifically held that the severance orders were not abuses of the trial court's discretion. *Nicholson*, 2020 WL 241420, at \*2; *Nicholson*, 2019 WL 7407739, at \*4. We decline to revisit these holdings.

## III. SUMMARY JUDGMENTS

### A. STANDARD OF REVIEW

We review a traditional summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The Financial Defendants carried the burden to prove that there was no genuine issue of material fact on Nicholson's claims for affirmative relief and that they were entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the Financial Defendants conclusively negated at least one essential element of Nicholson's claims, they were entitled to a traditional summary judgment on that claim. *See* Tex. R. Civ. P. 166a(b)–(c); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Because HLG sought summary judgment solely on the basis of an affirmative defense, it was required to conclusively prove, through competent summary-judgment evidence, all elements of that defense. *Frost Nat'l*, 315 S.W.3d at 508–09; *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008) (per curiam) (op. on reh'g).

6

## B. PROPRIETY OF SUMMARY JUDGMENTS

### 1. The Financial Defendants

Against the Financial Defendants, Nicholson raised claims for filing a fraudulent court record, lien, or claim against an interest in real property; negligence per se; gross negligence; declarations that the filed documents and claims surrounding the foreclosure action were fraudulent and void; civil conspiracy to commit fraud; and fraud. Nicholson stated in her appellate brief that genuine issues of material fact precluded summary judgment on her claims for affirmative relief. But the entirety of her briefing on the issue is cursory and conclusory, consisting of a single paragraph; and her citations to the voluminous record, which consists of a 14-volume clerk's record spanning almost 7,000 pages, are perfunctory:

> [The Financial Defendants' and HLG's] own evidence, the Substitute Trustee's Deed [record citations to the substitute trustee's deed and the subsequent deed rescission] proves [BNY Mellon] held prima facie title until set aside on August 18, 2017. [Record citation to trial court's order declaring substitute trustee's deed invalid] As a matter of law, [Nicholson] had no contractual relationship under the loan documents after July 3, 2012. After foreclosure, the relationship between the mortgagor and mortgagee in those capacities ends. [Case citations omitted.]

As in her prior two appeals from the severed actions, Nicholson wholly fails to explain what specific evidence supported each element of each of her numerous claims or to even discuss what those elements are. *See Nicholson*, 2020 WL 241420, at *3; *Nicholson*, 2019 WL 7407739, at *3. Nicholson's defective briefing is not readily correctable or harmless. Even under a liberal construction, her briefing is in flagrant

7

violation of the procedural rules, imposing an unreasonable burden on this court to attempt to address her issue. *See, e.g.*, *Nicholson*, 2020 WL 241420, at *3; *Jimenez v. Citifinancial Mortg. Co.*, 169 S.W.3d 423, 425–26 (Tex. App.—El Paso 2005, no pet.); *see also Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732–33 (Tex. 2020) (per curiam) (holding courts should "look not simply at the wording of parties' issues, but also the argument, evidence, and citations relied on by those parties to determine which issues the parties intended to and actually briefed"); *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam) ("Courts are not required to comb through the record to find evidence to support a party's appellate issues, but nothing prevents courts from undertaking reasonable efforts to locate evidence described in a party's brief . . . ."). We conclude that Nicholson, through briefing that did not substantially comply with the briefing rules, failed to present for our review any error arising from the trial court's granting summary judgment in favor of the Financial Defendants. *See Nicholson*, 2020 WL 241420, at *3.

## 2. HLG

Nicholson's briefing regarding HLG's summary judgment on the basis of attorney immunity is more detailed. She argues that HLG's affirmative defense does not apply to her claims based on fraud because attorney immunity "does not extend to fraudulent conduct that is outside the scope of an attorney's legal representation of his client."

An attorney has broad immunity from civil liability with respect to nonclients for actions taken in connection with representing a client. *See Youngkin v. Hines*, 546 S.W.3d 675, 682 (Tex. 2018); *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). In other words, an attorney may assert his client's rights without fear of personal liability to the opposing party. *See Miller v. Stonehenge/FASA–Tex., JDC, L.P.*, 993 F. Supp. 461, 464 (N.D. Tex. 1998) (order).

Here, HLG represented Nationstar as foreclosure counsel, which Nicholson did not dispute. Later, HLG undisputedly defended Nationstar from Nicholson's claims. HLG was not, however, involved with the foreclosure, the substitute trustee's deed, the deed rescission, or the lien assignments, all of which are the gravamen of Nicholson's suit. Each of Nicholson's allegations regarding HLG relates to actions it performed within the course and scope of its representation of Nationstar and Nationstar's legal interests. *See, e.g., Youngkin*, 546 S.W.3d at 682–83 (directing courts to "look beyond [the plaintiff's] characterization of activity as fraudulent and conspiratorial and focus on the conduct at issue" to determine if attorney entitled to immunity). HLG conclusively established that it was entitled to immunity for its actions taken on behalf of Nationstar. *See, e.g., Parker v. Buckley Madole, P.C.*, No. 4:17-CV-00307-ALM-CAN, 2018 WL 1704084, at *5 (E.D. Tex. Jan. 8, 2018) (rep. & recomm.), *adopted*, 2018 WL 1625670, at *1 (E.D. Tex. Apr. 4, 2018) (mem.); *Wyles v. Cenlar FSB*, No. 7-15-CV-155-DAE, 2016 WL 1600245, at *3–4 (W.D. Tex. Apr. 20,

2016) (order); *Bitterroot Holdings, LLC v. MTGLQ Inv'rs, L.P.*, No. 5:14-CV-862-DAE, 2015 WL 363196, at *5 (W.D. Tex. Jan. 27, 2015) (order).

### 3. Nicholson

Nicholson argues that the trial court erred by denying her motion for partial summary judgment on her declaratory-judgment claim. Although the trial court did not explicitly deny Nicholson's motion, we may imply the denial here based on the trial court's granting of the Financial Defendants' and HLG's motions. *See Gen. Agents Ins. Co. of Am. v. El Naggar*, 340 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). However, the extent of Nicholson's appellate argument is a bare statement of the presented point: "The trial court erred in denying Appellant's Partial Motion for Summary Judgment for Declaratory Relief." As with her briefing directed to the summary judgment in favor of the Financial Defendants, her arguments are wholly insufficient to present the issue for our review. *See Nicholson*, 2020 WL 241420, at *3.

### IV. ATTORNEY'S FEES

Nicholson argues that the trial court erred by awarding HLG $11,700 in attorney's fees because HLG failed to segregate the fees.

In its motion for summary judgment, HLG argued it was entitled to an attorney's-fee award based on its counsel's efforts in defending against Nicholson's "30 requests for declaratory judgment pursuant to the Texas Declaratory Judgment Act." HLG supported its request with its counsel's affidavit in which he averred that

HLG's reasonable and necessary attorney's fees "for the legal services to defend [HLG] in this case through the filing of [HLG's] Motion for Summary Judgment is $11,700.00." Attached to the affidavit was a "Summary of Attorney Time" that parsed the services performed on HLG's behalf and the time spent on each service.

In her response to HLG's summary-judgment motion, Nicholson did not assert that HLG had failed to prove its reasonable and necessary attorney's fees or that HLG had failed to segregate its fees, but she did raise her nonsegregation argument in her motion for new trial. Because Nicholson failed to raise her segregation argument in her response to HLG's motion, she failed to preserve this issue for our review. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Including the argument in her motion for new trial was too late for preservation purposes. *See Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 516 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *Villarreal v. Tex. Farmers Ins. Co.*, No. 04-04-00446-CV, 2005 WL 2138174, at *1 (Tex. App.—San Antonio Sept. 7, 2005, pet. denied) (mem. op.); *see also Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988) (applying preservation principles to argument that awarded attorney's fees had not been segregated).

## V. APPELLATE SANCTIONS

On appeal, Nicholson moves this court to sanction ReconTrust and ReconTrust's appellate counsel for including "misrepresented argument" about

Stockman's sale rescission and deed cancellation. As ReconTrust and its counsel point out in response, the arguments raised on ReconTrust's behalf were based on the record evidence and supported by applicable case law. We deny Nicholson's motion. *See* Tex. R. App. P. 45; *Gard v. Bandera Cnty. Appraisal Dist.*, 293 S.W.3d 613, 619–20 (Tex. App.—San Antonio 2009, no pet.).

Similarly, Nicholson seeks sanctions against HLG's trial and appellate counsel for proffering "fabricated" evidence in the trial court. As she has throughout the history of this case, Nicholson points to a letter, entitled "**<u>RESCISSION OF ACCELERATION OF MATURITY OF INDEBTEDNESS</u>**," HLG sent to Nicholson on April 19, 2016, that informed her that the prior 2012 acceleration of her note had been rescinded but that her prior defaults had not been waived. Nicholson contends that this letter was fabricated and that it led to the trial court's erroneous summary judgment in favor of the Financial Defendants and HLG. Even assuming we are empowered to sanction trial-court conduct for the first time on appeal, there is nothing in the record to support Nicholson's fabrication argument. We deny her motion to sanction HLG's counsel.

## VI. CONCLUSION

Because we have previously determined that the trial court's severance orders were not abuses of discretion, we decline to address Nicholson's issue directed to these orders. As in her prior two appeals, Nicholson has failed to adequately brief her arguments that the trial court erred by dismissing her claims against the Financial

Defendants or by implicitly denying her motion for partial summary judgment. Although her briefing directed to the dismissal of her claims against HLG is sufficient to present the issue for our review, HLG conclusively established that it was entitled to immunity. And Nicholson's argument that HLG failed to segregate its attorney's fees was waived. Accordingly, we overrule Nicholson's appellate issues and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: March 25, 2021