

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00721-CV

Robert **PEREZ** and Ramiro Perez, Jr.,
Appellants

v.

Mauro **BERLANGA**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2022CVG001601-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:  Lori I. Valenzuela, Justice

Sitting:  Irene Rios, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: December 18, 2024

AFFIRMED

This appeal centers around real property located in Webb County (the "Property"). Appellee Mauro Berlanga sued appellants Robert Perez and Ramiro Perez, Jr., alleging he owned the Property in fee simple and that appellants continued to claim title to and trespass on the Property. Berlanga filed a traditional motion for summary judgment, which the trial court granted. We affirm.

## BACKGROUND

By warranty deed executed in 2003, Idolina Perez conveyed the Property to Linda Perez and Anna Laura Vitela, individually and as trustees for their brothers and sisters. By gift deed executed and recorded in 2005, Linda and Anna conveyed the Property to Ramiro.

On November 13, 2013, the United Independent School District acquired the Property from Ramiro due to the nonpayment of ad valorem taxes (the "Tax judgment"). On September 1, 2015, by sale held at the Webb County courthouse, Berlanga purchased the Property, receiving a sheriff's deed.[1] Ramiro subsequently filed a bill of review challenging the Tax judgment.[2] On November 23, 2021, the trial court held a final hearing on Ramiro's bill of review, during which the trial court stated:

> [Berlanga is] out of this lawsuit. The property is [his]. [He] bought it in good faith. The bill of review has been denied. But there is money in the registry of the Court that belongs to somebody. So in what portion, I could not determine. . . . Mr. Berlanga if you're there, the lawsuit against . . . you is over[.]"

On December 9, 2021, in accordance with its on-the-record statements, the trial court issued a written order declaring the bill of review filed by Ramiro was denied, the Tax judgment was final, and that all claims against Berlanga were denied ("Bill of Review order"). Ramiro did not appeal the Bill of Review order. On August 4, 2022, two of Linda and Anna's sisters signed a quitclaim deed purporting to convey any interest they held in the Property to Ramiro's son—Robert.

---

[1] Berlanga purchased the Property with another individual, who subsequently transferred his interest to Berlanga, and is not a party to this appeal.

[2] The bill of review case was consolidated with a suit filed by Ramiro's siblings alleging Ramiro improperly believed he owned the Property in fee simple and that, in reality, Ramiro and his siblings each owned a one-tenth interest in the Property.

*This Lawsuit*

On November 11, 2022, Berlanga filed the lawsuit at issue alleging Robert was improperly claiming ownership through the quitclaim deed and that he, Berlanga, owned the Property in fee simple. Robert filed a general denial. On February 13, 2023, Berlanga filed an amended petition naming Ramiro as an additional defendant in the suit. Berlanga's amended petition alleged causes of action for trespass and to quiet title; requested relief declaring him as the fee simple owner of the Property and that the trial court permanently enjoin appellants from entering and residing on the Property; and award him reasonable and necessary attorney's fees and costs. On March 10, 2023, Ramiro filed a general denial.

On March 20, 2023, Berlanga filed a traditional motion for summary judgment. Appellants did not file a response to Berlanga's motion. The trial court granted Berlanga's motion, holding, among other things: that Berlanga was the fee simple owner of the Property; the quitclaim deed purporting to convey interest in the Property to Robert was invalid, and any cloud it created on title was removed; and that appellants were trespassing on the Property. The order additionally granted Berlanga's request for a permanent injunction removing appellants from the Property, instituted a penalty if appellants failed to comply with any portion of the order, and awarded Berlanga attorney's fees and costs.[3]

This appeal followed.

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). "The standard of review for a traditional motion for summary judgment is whether the successful movant at the trial level

---

[3] Because the summary judgment order was rendered by an associate judge, on May 5, 2023, appellants filed an appeal to the referring trial court, which was denied. *See* TEX. GOV'T CODE § 54A.115.

carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law." *Hatton v. Grigar*, No. 14-05-01053-CV, 2006 WL 3365494, at *3 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, no pet.) (mem. op.). "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

A motion for summary judgment must stand on its own merits. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). However, the nonmovant "must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). The failure of a nonmovant to file a response waives any arguments on appeal except for those attacking the legal sufficiency of the grounds on which summary judgment was granted. *McConnell*, 858 S.W.2d at 343; *Barrientos v. Barrientos*, 675 S.W.3d 399, 413–14 (Tex. App.—Eastland 2023, pet. denied) ("If a nonmovant does not file a written response to a traditional motion for summary judgment but then on appeal desires to contend that summary judgment was improperly granted, the only issue the reviewing court may consider on appeal is whether the grounds expressly presented to the trial court in the movant's motion are sufficient as a matter of law to support the grant of summary judgment.").

## DISCUSSION

In three appellate issues, which we review as two, appellants argue the trial court erred by (1) granting Berlanga's traditional motion for summary judgment and (2) denying their motions

for continuance. Appellants additionally raise arguments attacking Berlanga's traditional motion for summary judgment on grounds other than legal sufficiency. However, because appellants did not file a response to Berlanga's motion in the trial court, it is unnecessary for us to address these unpreserved arguments. *See McConnell*, 858 S.W.2d at 343; TEX. R. CIV. P. 166a(c); TEX. R. APP. P. 47.1.

**Analysis**

### I.   *The Merits of Berlanga's Traditional Motion for Summary Judgment*

The trial court declared Berlanga the fee simple owner of the Property, granted summary judgment on his quiet title and trespass claims, permanently enjoined appellants from the Property, and awarded Berlanga attorney's fees and costs. Appellants generally attack the legal sufficiency of these summary judgment grounds on appeal.

We first address appellants' argument attacking the legal sufficiency of the trial court's declaratory judgment certifying Berlanga as the fee simple owner of the Property. In short, appellants attempt to collaterally attack the Bill of Review order by arguing that the order did not grant Berlanga fee simple title to the Property. A collateral attack on a final judgment is "generally disallowed because it is the policy of the law to give finality to the judgments of the courts." *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). However, a collateral attack is permissible if the underlying judgment is void. *See Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994). A judgment is void "when it is apparent that the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). "Errors other than lack of jurisdiction render the judgment merely voidable and must be attacked within prescribed time limits." *Id.*

Attached as supporting evidence to Berlanga's motion was a transcript of the hearing held on Ramiro's bill of review and the Bill of Review order. This evidence shows the trial court denied Ramiro's bill of review challenging the validity of the Tax judgment, that all claims against Berlanga were denied, and the case was final. Appellants do not argue the Bill of Review order is void for any of the reasons enumerated by the Texas Supreme Court. *See id.*; *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). Therefore, appellants were required to directly attack the Bill of Review order within the prescribed time limits. Appellants failed to do so. On this record, the summary judgment evidence is legally sufficient to support the trial court's declaration that Berlanga is the fee simple owner of the Property.

We next address appellants' arguments related to the legal sufficiency of Berlanga's two causes of action and the trial court's permanent injunction. To prevail in the trial court on a claim to quiet title, Berlanga must have proved (1) he had a right, title, ownership, or an interest in the Property, (2) the Property was clouded or affected by a claim asserted by appellants, and (3) appellants' claim, though appearing valid, was invalid or unenforceable. *Barrientos*, 675 S.W.3d at 414 ("The purpose of a suit to quiet title is to remove a cloud on the title that has been created by an invalid claim."). To prevail in the trial court on a trespass claim, Berlanga must have shown that he owned the Property or that he had a right to exclude appellants from the Property. *N. Shore Energy, L.L.C. v. Harkins*, 501 S.W.3d 598, 605 (Tex. 2016) (per curiam) ("Trespass is the unauthorized entry upon the land of another.") (internal quotations omitted). Finally, to prevail on a request for a permanent injunction, Berlanga must have proved "(1) a wrongful act, (2) imminent harm, (3) an irreparable injury, and (4) the absence of an adequate remedy at law." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 792 (Tex. 2020); *see also Operation Rescue-Nat'l v. Planned*

*Parenthood of Houston & Se. Tex., Inc.*, 975 S.W.2d 546, 560 (Tex. 1998) (noting a trial court's issuance of injunctive relief is reviewed under an abuse of discretion standard).

In his motion, Berlanga asserted: that he acquired fee simple title to the Property when he purchased the sheriff's deed at the courthouse sale; Ramiro filed a bill of review seeking to set aside the Tax judgment and sheriff's sale; the trial court denied Ramiro's bill of review and Ramiro did not appeal the final judgment; Robert created a cloud on the Property's title by recording the quitclaim deed purporting to convey him an interest in the Property; and that appellants continue to reside on the Property despite numerous demands to vacate. In support of his arguments, Berlanga, in addition to the Bill of Review order and the hearing transcript, attached the following evidence to his motion: (1) the sheriff's deed; (2) a transcript of the hearing denying Ramiro's motion for new trial on his bill of review; (3) transcript of Robert's deposition; (4) the quitclaim deed purporting to convey an interest in the Property to Robert; (5) a notice and demand to appellants to vacate the Property; and (6) an affidavit from Berlanga's counsel attesting to attorney's fees and costs.

After thoroughly reviewing Berlanga's supporting evidence in a light most favorable to appellants, indulging every inference in their favor, we conclude Berlanga's summary judgment evidence is legally sufficient to support his claims for trespass and to quiet title as a matter of law. Likewise, the summary judgment evidence is legally sufficient to support Berlanga's request to permanently enjoin appellants from the Property.

Finally, we address appellants attack on the trial court's award of attorney's fees and costs to Berlanga. Berlanga sought attorney's fees in connection with his request for a declaratory judgment under Texas Civil Practices & Remedies Code 37.009. *See* TEX. CIV. PRAC. & REM. CODE § 37.009. Section 37.009 provides that, in a proceeding under the Declaratory Judgment

Act, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id*. "The statute's 'reasonable and necessary' requirements are questions of fact for the fact finder, but the 'equitable and just' requirements are questions of law for the trial court." *Sohani v. Sunesara*, 608 S.W.3d 532, 538 (Tex. App.—Houston [1st Dist.] 2020, no pet.). We review a trial court's award of attorney's fees pursuant to the Declaratory Judgment Act under an abuse of discretion standard. *Ridge Oil Co., Inc. v. Guinn Investments, Inc.*, 148 S.W.3d 143, 163 (Tex. 2004).

As stated, attached to Berlanga's motion was an affidavit from his counsel attesting to the attorney's fees and costs sought by Berlanga. "Well-settled law recognizes that the affidavit of the attorney representing a claimant constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding." *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 513 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Berlanga's counsel's affidavit describes his qualifications, the amount of fees sought, and a detailed description of the work performed in connection with the sought fees and costs. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501–03 (Tex. 2019). Counsel additionally attached his resume and billing records to the affidavit. *See id.* Counsel's affidavit and supporting evidence is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted," but was not controverted by appellants. TEX. R. CIV. P. 166a(c). We hold counsel's affidavit is sufficient as a matter of law to support the trial court's award of equitable and just attorney's fees and costs under the statute. *See* TEX. CIV. PRAC. & REM. CODE § 37.009; TEX. R. CIV. P. 166a(c), (f).

Accordingly, we overrule appellants' first two issues.

## II. Appellants' Motions for Continuance

In their final issue, appellants argue the trial court erred by failing to grant their third and supplemental motions for continuance in order "to allow appellants' counsel more time" to respond to Berlanga's traditional motion for summary judgment. "As a general rule, granting or denying a requested continuance rests within the sound discretion of the trial court." *Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 616 (Tex. App.—San Antonio 1996, writ denied); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) ("When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis.").

A party may move for traditional summary judgment any time after the nonmovant files an answer or appears. *See* TEX. R. CIV. P. 166a(a); *cf. id. R.* 166a(i) (establishing a party may move for a no-evidence summary judgment only after an adequate time for discovery). "When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex. 1996). The reviewing court will not consider reasons that are not included in the motion or affidavit. *D.R. Horton-Tex., Ltd. v. Savannah Prop. Assoc., L.P.*, 416 S.W.3d 217, 223 n.5 (Tex. App.—Fort Worth 2013, no pet.). When reviewing whether a trial court clearly abused its discretion in denying a motion for continuance premised on the need for time to conduct additional discovery, a reviewing court considers the following nonexclusive factors: "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Joe*, 145 S.W.3d at 161.

Berlanga filed his traditional motion for summary judgment on March 20, 2023. The following day, the trial court set Berlanga's summary judgment motion for a hearing to be held on April 13, 2023. On April 5, 2023, appellants filed a motion for continuance arguing: (1) additional time was needed for discovery as Berlanga's amended petition filed on February 13, 2023, named Ramiro as a defendant in the lawsuit; (2) Ramiro had just filed his answer on March 10, 2023; and (3) the docket control order setting the applicable summary judgment and trial deadlines did not apply to Ramiro because the order was entered before Ramiro became a defendant in the lawsuit. On April 12, 2023, appellants filed a second motion for continuance requesting additional time because their counsel tested positive for COVID-19. On April 13, 2023, the trial court granted appellants' request for a continuance, rescheduled the summary judgment hearing for April 28, 2023, and granted appellants leave to file a response on or before April 21, 2023. The trial court's April 13 order additionally disallowed any further discovery to be conducted prior to the summary judgment hearing.

On April 21, 2023, appellants filed a third motion for continuance requesting additional time to conduct discovery and continue settlement discussions. Berlanga opposed appellants' third motion for continuance. On April 27, 2023, the day before the summary judgment hearing, appellants filed a supplement to their third motion for continuance requesting additional time to conduct discovery, acquire a title opinion on the Property, and conduct further settlement discussions. The trial court denied appellants' third motion and supplemental motion for continuance and held the summary judgment hearing on April 28, 2023.

On appeal, appellants' counsel argues he did not have adequate time to prepare for the summary judgment hearing because Ramiro had just been named as a defendant on February 13, 2023, filed an answer on March 10, 2023, and was not a party to the suit when the trial court

entered the docket control order.[4] As permitted by Texas Rule of Civil Procedure 166a, Berlanga could file a traditional motion for summary judgment any time after appellants filed their answers. *See* TEX. R. CIV. P. 166a(a). Thus, Berlanga filing his motion on March 20, 2023, after appellants had filed their answers, was permitted by the rules and we do not find the trial court's compliance with the rules to be a clear abuse of discretion. *See id.*; *Joe,* 145 S.W.3d at 161. Likewise, "discovery deadlines have no impact on a trial court's decision to deny a motion for continuance based upon inadequate time for discovery and proceed to a hearing on the merits of a motion for traditional summary judgment." *Lucio v. John G. & Marie Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 669 (Tex. App.—Corpus Christi–Edinburg 2009, pet. denied). The previous order setting the pre-trial deadlines and trial date has no impact on the trial court's decision to deny appellants' motion to continue the hearing on Berlanga's motion for traditional summary judgment. Accordingly, we hold the trial court did not clearly abuse its discretion by denying appellants' third motion for continuance and supplemental motion for continuance.

We overrule appellants' third issue.

### III. *Berlanga' s Cross-Point*

Presented as a cross-point in his brief, Berlanga requests we impose damages against appellants for filing a frivolous appeal in this court. *See* TEX. R. APP. P. 45 (authorizing courts of appeals, after notice and responsible opportunity to respond, to impose damages against a party prosecuting a frivolous appeal). An appeal is not frivolous because the party seeking to alter the trial court's judgment is ultimately unsuccessful. *See Gard v. Bandera Cnty. Appraisal Dist.*, 293 S.W.3d 613, 619 (Tex. App.—San Antonio 2009, no pet.) ("If an appellant's argument on appeal

---

[4] Appellants' counsel additionally argues on appeal that he could not adequately prepare for the summary judgment hearing because of his previous COVID-19 diagnosis. However, this was not an issue raised in the third or supplemental motions for continuance. *See Tenneco*, 925 S.W.2d at 647; *D.R. Horton-Tex.*, 416 S.W.3d at 223 n.5.

fails to convince us but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate."). Rather, "[a]n appeal is frivolous if no reasonable grounds support a belief that the judgment would be reversed at the time the appeal was brought or when it is pursued in bad faith." *Id*. We look to the record to determine whether an appeal is frivolous. TEX. R. APP. P. 45; *see also Gard*, 293 S.W.3d at 619 ("Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances.").

Here, after reviewing the entire record in connection with the party's arguments, we determine appellants' prosecution of this appeal does not warrant the imposition of damages under Rule 45. *See id.* Accordingly, we overrule Berlanga's cross-point.

## CONCLUSION

We overrule appellants' issues and Berlanga's cross-point and affirm the trial court's order.

Lori I. Valenzuela, Justice